UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 2 3 2004

Michael N. Milby, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. H-04-25 (Lake, J.) |
| ) | |
| v. ) | |
| ) | |
| RICHARD A. CAUSEY, JEFFREY K. ) | |
| SKILLING, and KENNETH L. LAY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JEFFREY SKILLING'S MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING GOVERNMENT'S MOTION TO SEAL CO-CONSPIRATOR LIST

Defendant Jeffrey Skilling respectfully opposes the Task Force's motion to seal the list of alleged co-conspirators in this case, and asks that the Court reconsider its prior order granting the Task Force's motion, and instead deny that motion. The Task Force's stated basis for sealing the alleged co-conspirator list—protecting the privacy interests and avoiding injury to reputation of those on the list—is insufficient, and the authorities cited by the Task Force do not support its motion. More importantly, if granted, the Task Force's motion could significantly impair Skilling's ability to prepare for trial by preventing him from openly communicating with prospective witnesses and fully investigating the facts of this case.

\*       \*       \*

The Task Force lists 114 alleged co-conspirators. This number is staggering and, to the best of our knowledge, unprecedented in any criminal prosecution in history. The list includes Enron employees from business units and corporate functions all across the company covering a wide spectrum of job titles and pay grades, as well as individuals from large investment banks,

prominent law firms, and other established companies that conducted business with Enron.

If each of the named persons participated in a massive criminal conspiracy, as the Task Force asserts, there is no need to protect the privacy and reputations of the individuals listed. Indeed, in the Nigerian Barge and EBS cases the Task Force circulated similar co-conspirator lists. These lists contained dozens of the *same individuals,* and *neither* was filed under seal. Moreover, a number of the listed persons are already publicly-named as defendants in other Enron cases, have already pled guilty, are openly cooperating with the government, or have non-prosecution agreements.

In reality, the Task Force has other reasons for moving to seal its list of alleged co-conspirators. First, the Task Force would prefer to avoid scrutiny of an essential component of its case—that over 100 individuals, none of whom has a history of criminal acts, who conducted their affairs in broad daylight, with the assistance of inside and outside auditors and legal counsel, and with the approval of the company's Board of Directors, all joined together to participate in a vast criminal conspiracy. This is inherently implausible, and did not happen.

Second, by moving to seal the co-conspirator list the Task Force arguably seeks to preclude defendants from informing any individual that he or she is listed as a co-conspirator. If so, that would operate to significantly impair Skilling's ability to probe the Task Force's accusations and prepare his defense. It also would chill the participation of prospective witnesses by keeping them ignorant about their status in the eyes of the government, and thus fearful of prosecution. Skilling firmly objects to this tactic and believes it would deny him due process.

Third, the Task Force wants to prevent these same individuals from taking action to exonerate themselves, by defending their conduct and disclosing all the facts to make clear that

2

they have done nothing wrong.

Finally, in submitting an indefensibly overbroad list, the Task Force hopes to use it to secure maximum hearsay evidence at trial, an issue Skilling intends to address in a future motion in advance of trial.

Whatever its motivation, the Task Force has provided no basis for sealing its alleged co-conspirator list, as its own authorities demonstrate. In *United States v. Smith*, 776 F.2d 1104, 1106 (3rd Cir. 1985), *"the government itself* may have been responsible for the potential harm because it intentionally filed an extremely broad [co-conspirator list] without limiting it to those individuals for whom it had sufficient evidence to make the allegations." *In the Matter of the Search of the Premises Known as L.S. Starrett Co.*, Case No. 1:02M137, 2002 WL 31314622 (M.D.N.C., Oct. 15, 2002) (discussing *Smith*) (emphasis added). In *Smith*, the government filed under seal a list of both "unindicted co-conspirators," as well as persons "who could conceivably be considered as unindicted co-conspirators." 776 F.2d at 1106.

Unlike here, in *Smith*: (a) all of the named individuals were under active investigation by the FBI and grand jury; (b) the FBI's investigation was set to continue for six to nine more months; (c) as of the filing of the list, the government had not made any final decision as to whether or not the named individuals would be indicted; and (d) none of the named individuals had been publicly identified as unindicted co-conspirators. *See id.*

Each of these facts was important to the *Smith* court's decision to keep the co-conspirator list sealed. In particular, the court held that by including persons who *"could conceivably be considered as"* unindicted co-conspirators, the government "seriously exacerbated the risk of injury which is inherent in any publication of a list of unindicted co-conspirators." *Id.* at 1113 (emphasis in original). Given that the investigation was incomplete and the list speculative, the

3

court concluded that "it is virtually certain that serious injury will be inflicted upon innocent individuals." *Id.* at 1114.[1]

Because the decision in *Smith* to uphold the sealing of the co-conspirator list was necessitated by the government's own improper conduct, as well as the infancy of the underlying investigation, it provides no support for the Task Force's motion here.[2] If the Task Force compiled its list of alleged co-conspirators in good faith and with a narrow focus, then it should have no reason to object to the public disclosure of the list. On the other hand, if the Task Force is not sure of its accusations, or crafted an overbroad list to manipulate the hearsay rules, then it should go back to the drawing board and submit a new, more narrow list—one that will be suitable for public viewing—immediately.

Skilling has a due process right to defend himself in a thorough and unimpeded manner.

---

[1] Judge Mansmann's concurring opinion in *Smith* is particularly instructive. He correctly observed that the government "exceeded the bounds of its duty" by using "a broad brush in its response to the district court's order to file a bill of particulars and that it had done so for the tactical purpose of not limiting the evidence it could produce at trial." *Id.* at 1116-17. A bill of particulars is not a proper "tool for alleviating the harshness of the hearsay rule." *Id.* at 1117. Instead, the government should name as unindicted co-conspirators "only those individuals for whom it has the requisite evidence." *Id.* Because the government had "overstepped the bounds of the permissible use of the bill of particulars," Judge Mansmann agreed that the trial court "had no choice but to find a compelling governmental interest and to seal the bill." *Id.*

[2] The Task Force's other cases also do not support its motion. The court in *United States v. Edwards*, 119 F. Supp. 2d 589 (M.D. La. 2000), merely observed that the list of unindicted co-conspirators had been sealed, but did not indicate why or on whose motion it was sealed. *Id.* at 602. Furthermore, *Edwards* involved charges tending to show that the *defendants* and others associated with them had attempted "to interfere with the judicial process or witnesses." *Id.* at 596. Of course, there is no indication whatsoever that defendants would interfere with the judicial process or witnesses. The final case cited by the Task Force, *United States v. Ladd*, 218 F. 3d 701 (7th Cir. 2000), involved a determination by the appellate court—after trial—that the names of co-conspirators whose statements had been admitted at trial should be disclosed, and those whose statements had not been admitted should be kept under seal. Because it does not address the propriety of sealing the list in the first instance, it is of no assistance. Moreover, the Task Force's reliance on both *Ladd* and *Smith* is odd, as the *Ladd* court distinguished *Smith* by holding that in *Ladd*—unlike *Smith*—"there [was] a more reliable basis for finding that the individuals were indeed coconspirators." *Id.* at 705 (noting Judge Mansmann's concurring opinion).

Sealing the co-conspirator list interferes with defendants' ability to investigate this case and

prepare their defense.  Witnesses kept in the dark as to whether they are a government target will

be even more reluctant to cooperate with defendants for fear of being prosecuted.  This prejudice

to the defense must be avoided.  We respectfully request that the Court deny the Task Force's

motion to seal its list of co-conspirators.

        Dated:  November 23, 2004

                Respectfully submitted,

By: _Daniel M. Petrocelli by permission Ronald G. Wood_

|  |  |
|---|---|
| Of Counsel: | Daniel M. Petrocelli |
|  | M. Randall Oppenheimer |
| Ronald G. Woods | Mark Holscher |
| Texas State Bar No. 21964000 | Carla J. Christofferson |
| Federal Bar No. 657 | O'MELVENY & MYERS LLP |
| 5300 Memorial, Suite 1000 | 1999 Avenue of the Stars, 7th Floor |
| Houston, TX 77007 | Los Angeles, CA 90067 |
| Office: 713-862-9600 | Office:  (310) 553-6700 |
| Facsimile: 713-864-8738 | Facsimile:  (310) 246-6779 |

*Attorneys in Charge for Jeffrey K. Skilling*

## CERTIFICATE OF SERVICE

This is to verify that true and correct copies of the following documents (Jeffrey Skilling's Motion to Reconsider Order Granting Government's Motion to Seal Co-Conspirator List; [Proposed] Order) have been served on this 23rd day of November, 2004 on counsel listed below.

Ronald G. Woods

Sean Berkowitz
Linda Lacewell
Kathy Ruemmler
Enron Task Force
DOJ Criminal Division
1400 New York Avenue, NW
10th Floor
Washington, D.C.  20530
Facsimile:  (202) 353-3165
*Enron Task Force*

Reid Weingarten
Mark Hulkower
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington D.C.  20036
Facsimile:  (202) 429-3902
*Counsel for Richard Causey*

Michael Ramsey
River Oaks/Welch Building
2120 Welch
Houston, Texas 77019
Facsimile:  (713) 523-7887
*Counsel for Kenneth L. Lay*

CC1:683924