```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


UNITED STATES OF AMERICA            §
                                    §
v.                                  §    CRIMINAL NUMBER H-04-025-SS
                                    §
RICHARD A. CAUSEY, JEFFREY K.       §
SKILLING, and KENNETH L. LAY        §
```

**MEMORANDUM OPINION AND ORDER**

Defendants have filed a Joint Motion to Dismiss, or for alternative relief, based on prosecutorial misconduct together with a number of declarations and exhibits in support of the motion (Docket Entry No. 440). The government has filed an Opposition with declarations and exhibits of its own (Docket Entry No. 491). Defendants have filed a Reply Memorandum with additional exhibits and supplemental declarations (Docket Entry No. 504).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "the right to present witnesses 'to establish his defense without fear of retaliation against the witness by the government.'" United States v. Bieganowski, 313 F.3d 264, 291 (5th Cir. 2002). Likewise, "the Fifth Amendment protects the defendant from improper governmental interference with his defense." Id.

"To make a showing that the government has infringed on [these] right[s], the defendant must show that 'the government's conduct interfered substantially with a witness's free and unhampered choice to testify.'"  United States v. Thompson, 130 F.3d 676, 686 (5th Cir. 1997).  Defendants bear the burden of proving, by a preponderance of the evidence, that the government substantially interfered with their access to witnesses by improper conduct that deprived defendants of access to witnesses or prevented the witnesses from testifying.  United States v. Scroggins, 379 F.3d 233, 239 (5th Cir. 2004); United States v. Hatch, 926 F.2d 387, 395 (5th Cir. 1991).  If the government's actions do not affect the witness's decision, there is no violation of due process.  United States v. Viera, 839 F.2d 1113, 1115 (5th Cir. 1988).  Likewise, "[n]o right of a defendant is violated when a potential witness freely chooses not to talk [to defense counsel]."  In re United States, 878 F.2d 153, 157 (5th Cir. 1989).

Unlike many of the cases cited by defendants, the alleged conduct of the government in this case does not involve secreting potential witnesses so that the defendants cannot subpoena them for trial.  The crux of the defendants' motion is that the government has pressured potential witnesses not to talk to defendants' attorneys before trial.  To support these allegations defendants rely primarily on affidavits from their own attorneys about conversations they had with counsel for a number of potential

-2-

witnesses.  Hearsay statements of what various attorneys allegedly told defense counsel are not admissible as evidence.  Affidavits or sworn declarations of attorneys for witnesses are admissible.  They are not relevant, however, unless they contain evidence that government representatives sought to deter witnesses from communicating with defense counsel and evidence that the actions of the government affected the witnesses' decisions not to speak with defense counsel.

    Based on the parties' submissions the court concluded that defendants had raised possible fact issues concerning several potential witnesses who refused to speak to defense counsel.  Those witnesses are represented by attorneys Wendell Odom and Robert J. Sussman.  On December 1, 2005, the court held an evidentiary hearing.  Counsel and the court questioned Mr. Odom to determine whether the statements attributed to an FBI agent affected Mr. Odom's recommendations to his client, Michael Anderson, about speaking with defense counsel.  After hearing this testimony the court concluded that defendants had not established by a preponderance of the evidence that the government substantially interfered with the ability of defense counsel to interview Mr. Anderson.  Counsel and the court also questioned Mr. Sussman concerning recommendations to his clients, Larry Lawyer, Rodney Faldyn, and Wade Stubblefield, about speaking with defense counsel. After hearing this testimony the court concluded that defendants

had not established by a preponderance of the evidence that the government substantially interfered with the ability of defense counsel to interview Mr. Sussman's clients.

Having considered all of the evidence and the parties' arguments the court is persuaded that defendants' motion should be denied for two reasons. First, there is no credible evidence to support defendants' allegations that the government has substantially interfered with witnesses' decisions not to meet with defense counsel.

Second, to the extent any of the attorneys for potential witnesses had concerns about government retribution if their clients discussed the case with defense counsel, the court has sought to address those concerns. On May 27, 2005, the court entered an Order stating that all counsel may seek to contact and interview witnesses before trial, and that the decision of any witness whether to talk to an attorney or representative of any party is entirely up to the witness, and that should a witness provide information or assistance to defense counsel, the government will not view that witness's decision to cooperate as any lack of cooperation with the government, and the government will not use such cooperation with defense counsel as a basis for decisions regarding prosecution.  (Docket Entry No. 351)

On September 14, 2005, the court wrote letters to counsel for a number of potential witnesses, some of whom defense counsel

contended were fearful of talking with defense counsel because of concern about government retribution, and some of whom had merely failed to respond to initiatives from defense counsel.  In these letters the court reiterated the contents of its May 27, 2005, Order.  The court also informed each counsel of the following additional representations made by the government:

> [The court has] been informed by the government that if you wish to speak with defense counsel: (i) you need not seek permission from the government or notify them about the meetings; (ii) you have the government's consent to meet with the defense to the extent such consent is required by any agreement you may have with the government; (iii) you are free to discuss whatever you choose to discuss, whether or not you have any agreement with the government limiting what information may be shared with third parties; and (iv) you are free to agree to testify on defendants' behalf at trial.

The court concluded each letter by stating:

> Finally, if you believe it would help you decide whether to meet with defense counsel or testify on their behalf at trial, I am willing to meet with you, along with representatives of all parties, to address any concerns about speaking to the defense in this case.

The attorneys who received the court's letter were requested to respond by indicating whether their clients wished to meet with defense counsel, refused to meet with defense counsel, or wished to discuss the matter with the court.  In response to the court's letter no witness or attorney requested to discuss the matter with the court.  The court concludes that even if there were a fear by counsel for potential witnesses, or by the witnesses themselves,

that the witnesses could face retribution from the government if they spoke with defense counsel, the court has remedied any harm to defendants by the measures the court has taken to reassure potential witnesses and their attorneys.

The court is not persuaded that defendants have shown by a preponderance of the evidence that the government has substantially interfered with the ability of defense counsel to interview potential witnesses, or that the government has engaged in any practice that denies defendants the right to a fair trial. Accordingly, defendants' Joint Motion to Dismiss (Docket Entry No. 440) is **DENIED.**

**SIGNED** at Houston, Texas, on this 9th day of January, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE