IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED
JAN 11 2006
Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. H-04-25(S-2) |
| § | |
| JEFFREY K. SKILLING, AND § | |
| KENNETH L. LAY § | |

### DEFENDANT LAY'S MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR CHANGE OF VENUE AND RELATED RELIEF

Defendant Lay relies fully on the Defendants' Renewed Motion for Change of Venue and Related Relief and files this Memorandum solely to re-urge previous requests that individual voir dire be conducted in this case and that defense counsel be permitted to participate meaningfully in the process. (This request in no way diminishes our request that the Court grant the Motion to Change Venue.) The sheer magnitude of the pretrial publicity in this case, the vast majority of which is adverse, inflammatory, and unduly prejudicial to the accused, counsels that the Court conduct a truly searching inquiry of individual members of the jury panel and that it be done in such a fashion that other members of the venire are not tainted or prejudiced. (*See* Defendants' Renewed Motion for Change of Venue and Related Relief – 27-28). While a district court has discretion to question prospective jurors "collectively or individually," the Fifth Circuit "*will find an abuse of discretion when there is insufficient questioning to allow defense counsel to exercise a reasonably knowledgeable challenge to unqualified jurors.*" *United States v. Beckner,* 69 F.3d 1290, 1291 (5th Cir. 1995) (Emphasis added), citing *United States v. Rodriguez,* 993 F.2d 1170, 1176 (5th Cir. 1979). As the Court clearly cautioned in *Beckner,* "we will reverse a conviction because of pretrial publicity if the defendant can establish (1) that pretrial publicity about the case raised a significant possibility

of prejudice, and (2) *that the district court's voir dire procedure failed to provide a reasonable assurance that prejudice would be discovered if present."* Id. at 1292. (Emphasis added). The Supreme Court held in *Morgan v. Illinois,* 504 U.S. 719, 729-730, 112 S.Ct. 2222, 2230, 119 L.Ed.2d 492, 503 (1992), that

> part of the guarantee of a defendant's right to an impartial jury is an adequate *voir dire* to identify unqualified jurors. (Citations omitted) "Voir dire plays a critical function in assuring the criminal defendant that his [constitutional] right to an impartial jury will be honored. Without an adequate *voir dire* the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled."

"Every experienced trial lawyer knows that the ritualistic global inquiry to the entire panel by the trial judge is only the beginning in sensitive cases. The questioning that goes *beyond* the opening ritual is the essence of voir dire. It is difficult for a venire person to confess such bias and prejudice, when all the while he is likely denying it himself." *United States v. Greer,* 968 F.2d 433, 441 (5th Cir. 1992) (en banc) (Dissenting Opinion, Higginbottom, J.). Therefore, merely asking a prospective juror "whether exposure to pretrial publicity affected their impartiality" is normally "unacceptable" because it does not meaningfully and effectively ferret out jurors who cannot be fair to the accused. *United States v. Williams,* 568 F.2d 464, 471 (5th Cir. 1978). Jurors who have been exposed to pretrial publicity are simply "in a poor position to determine their own impartiality"; therefore, it falls on the district court to employ a questioning process that enables it to *"make independent determinations of the impartiality of each juror." Beckner,* 69 F.3d at 1291, relying on *Unites States v. Davis,* 583 F.2d 190, 198 (5th Cir. 1978). This can only be accomplished by finding out *what* pretrial publicity or information the prospective juror has been exposed to (which would include *when* and *how often* the exposure has occurred), and then inquiring as to "the prejudicial

2

effect of the information." *United States v. Gerald,* 624 F.2d 1291, 1297 (5th Cir. 1980). What should not be employed is a process based largely on the asking of leading or suggestive questions or the making of statements to prospective jurors that ultimately undermine the purpose of making the inquiry in the first place. *Coleman v. Kemp,* 778 F.2d 1487, 1542-1543 (11th Cir. 1985).

In *United States v. Gerald,* the Court held that "the time consuming, probing, preferably individual voir dire described in [*United States v.*] *Davis* generally is not required *in cases involving unsupported general allegations of prejudicial pretrial publicity or in cases where the publicity does not create a significant potential of prejudice.*" (*Id.* at 1298). (Emphasis added). This case represents neither of the above scenarios and, therefore, cries out for a meaningful, searching, individual inquiry into the prejudices, both potential and actual, of those venire members who have either been exposed to pretrial publicity and/or information about this case and/or have indicated in their juror questionnaires that, for whatever reason, they either are biased or cannot clearly declare that they are not.

We respectfully re-urge the Court to allow individual voir dire of all prospective jurors who have been exposed to pretrial publicity or information about this case or who have formed opinions about the innocence or guilt of the accused and that counsel for all parties be allowed to participate in the process. The defendants' constitutional right to an impartial jury deserves no less. *Morgan v. Illinois, supra.*

Defendant Skilling and his counsel join in this request.

          Respectfully submitted,

_____
MICHAEL RAMSEY
CHIP LEWIS
2120 Welch
Houston, Texas   77019
713-523-7878
713-523-7887 (Fax)

_____
BRUCE W. COLLINS
CARRINGTON, COLEMAN, SLOMAN
   & BLUMENTHAL, L.L.P.
200 Crescent Court, Suite 150
Dallas, Texas   75201
214-855-3000
214-855-1333 (Fax)

_____
GEORGE McCALL SECREST, JR.
BENNETT & SECREST, L.L.P.
808 Travis Street, 24th Floor
Houston, Texas   77002
713-757-0679
713-650-1602 (Fax)

Of Counsel:

Attorneys for Defendant,
KENNETH L. LAY

_____
EARL SILBERT
DLA PIPER RUDNICK GRAY CARY US LLP
1200 19th Street, N.W.
Washington, D.C.   20036-2412
202-861-6250
202-223-2085 (Fax)

## **CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that on this 11th day of January, 2006, a true and correct copy of the foregoing Defendant Lay's Memorandum in Support of Defendants' Renewed Motion for Change of Venue and Related Relief has been delivered to the following, via email:

Daniel M. Petrocelli (DPetrocelli@OMM.com)
Matthew T. Kline (MKline@OMM.com)
O'MELVENY & MYERS, L.L.P.
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA   90067-6035

Ronald G. Woods (RonWoodsLaw@aol.com)
5300 Memorial, Suite 1000
Houston, TX   77007

John Hueston (John.Hueston@usdoj.gov)
Sean Berkowitz (Sean.Berkowitz2@usdoj.gov)
Kathy Ruemmler (Kathy.Ruemmler2@usdoj.gov)
Cliff Stricklin (Cliff.Stricklin@usdoj.gov)
Doug Wilson (Doug.Wilson@usdoj.gov)
Robb Adkins (Robb.Adkins2@usdoj.gov)
John Drennan (John.Drennan@usdoj.gov)
Enron Task Force
DOJ Criminal Division
1400 New York Avenue, NW
10th Floor
Washington, D.C.   20530

_____
GEORGE McCALL SECREST, JR.