IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JAN 1 2 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-04-025-SS |
| | § | |
| RICHARD A. CAUSEY, JEFFREY K. SKILLING, and KENNETH L. LAY | § § | |

## MEMORANDUM OPINION AND ORDER

The government has filed a motion in limine to preclude any mention of the results of a polygraph taken by defendant Jeffrey K. Skilling in questioning, argument, or throughout the introduction of evidence (Docket Entry No. 573), to which defendants have filed an opposition. ("Defendants' Opposition A," ¶ VIII)

The government's motion presents two questions: first, the admissibility of the operative fact that Skilling submitted to one polygraph and offered to take another; and second, the admissibility of the results of Skilling's polygraph examination.

In <u>United States v. Posado</u>, 57 F.3d 428 (5th Cir. 1995), the court rejected a per se rule that polygraph evidence is not admissible. Instead, it adopted a "flexible approach" in keeping with the Supreme Court's opinion in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 113 S.Ct. 2786 (1993). <u>Posado</u> instructs that the court must determine under Federal Rules of Evidence 104(a) and 702 whether the polygraph results possess sufficient evidentiary reliability to be admissible as "scientific, technical,

or other specialized knowledge" and whether the proffered evidence is relevant in the sense that it will "assist the trier of fact to understand the evidence or determine a fact in issue . . ." FED. R. EVID. 702. Posado, 57 F.3d at 432-33.

Polygraph evidence also remains subject to the gatekeeping function of Rule 403, which excludes otherwise relevant evidence that is substantially outweighed by the danger of unfair prejudice. Posado, 57 F.3d at 435. The Fifth Circuit has suggested an "enhanced role" for Rule 403 in this context because of the possible prejudicial effect of polygraph evidence in comparison to its probative value. Id.

The four questions Skilling answered during his polygraph examination were very general. Moreover, even if the results of Skilling's polygraph were relevant under Rule 702, the requisite safeguards required to counterbalance the prejudicial effect of such evidence under Rule 403 are lacking. The government was not contacted before the polygraph examination was administered and given the opportunity to participate. Skilling did not offer to stipulate in advance of the test that the results would be admissible if the government wanted to use them. The evidence would be offered at trial before a jury, increasing the likelihood of confusion and unfair prejudice to the government. Finally, Skilling has not pointed to other factors in this case that would "substantially boost the probative value of the [polygraph

results]." See Posado, 57 F.3d at 435-46.

In United States v. Pettigrew, 77 F.3d 1500, 1515 (5th Cir. 1996), the court stated that the absence of these safeguards, while not always conclusive, weighs "most heavily against the admission of polygraph evidence." Pettigrew, 77 F.3d at 1515. Absent these safeguards, lower courts in this circuit have been reluctant to admit the results of polygraph examinations. See, e.g., United States v. Zertuche-Tobias, 953 F.Supp. 803, 807 (S.D. Tex. 1996); United States v. Ramirez, 1995 WL 918083 (S.D. Tex. 1995) (excluding polygraph results under Rule 403 even when several Posado safeguards were in place); United States v. Dominguez, 902 F.Supp. 737 (S.D. Tex. 1995). But see Ulmer v. State Farm Fire & Casualty Co., 897 F.Supp. 299 (W.D. La. 1995) (allowing results of polygraph examination without some of the Posado safeguards but where the polygraph examination was conducted by the Fire Marshal, not the plaintiff).

Skilling states that he has not decided whether he will seek to introduce the results of his polygraph into evidence. The court will therefore grant the government's motion in limine with respect to the results of Skilling's polygraph examination. Should Skilling seek to offer the results of the polygraph examination into evidence he must notify the court at least 10 business days before he intends to do so, and submit any additional authorities in support of the admission of the results. The government will

respond five business days thereafter.

Skilling also argues that the operative fact that he submitted to a polygraph and offered to take another one is admissible. He cites three cases for this proposition. <u>Palmer v. City of Monticello</u>, 31 F.3d 1499, 1506 (10th Cir. 1994), and <u>United States v. Bowen</u>, 857 F.2d 1337, 1341-42 (9th Cir. 1988), both upheld the lower court's <u>refusal</u> to admit the operative fact that the polygraph was performed under Rule 403 because the prejudicial effect of the evidence substantially outweighed its probative effect. In the third case, <u>Murphy v. Cincinnati Ins. Co.</u>, 772 F.2d 273, 277 (6th Cir. 1985), the court upheld the district court's decision to permit the plaintiff to testify about his willingness to undergo a polygraph examination, finding that this evidence was relevant to his credibility and the defendant's motive in refusing the plaintiff's insurance claim.

Skilling has not pointed to the relevance of operative fact evidence in this case, except to argue that his willingness to sit for polygraph tests suggests an absence of guilt. The court concludes that the probative value of admitting the evidence for this purpose is substantially outweighed by its prejudicial effect. The jury, possessed with the knowledge that Skilling took the polygraph administered by a representative of his own counsel, and having afterward offered to take a polygraph administered by a government representative, would be likely to infer that Skilling

-4-

"passed" the polygraph, even though the court has not concluded that the results of the test would be admissible. The court will preclude any mention, in questioning, argument, or through the introduction of evidence, of the fact that Skilling took a polygraph examination or that he offered to take a polygraph examination.

The government's motion in limine (Docket Entry No. 573) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 12th day of January, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE