UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAR 3 1 2006

MICHAEL N. MILBY, CLERK OF COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JEFFREY K. SKILLING and KENNETH L. LAY,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Crim. No. H-04-25 (Lake, J.)

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants submit the following proposed jury instructions.[1] Defendants agree on all the instructions, except on the few where indicated. Defendants respectfully reserve the right to supplement, withdraw, or modify these proposed instructions, including in response to additional instructions the Task Force may submit or further evidence adduced or other developments at trial.

Pursuant to the Court's order, defendants and the Task Force exchanged proposed jury instructions, met and conferred, and were able to reach agreement on a number of instructions. Defendants intended to submit today the chart the Court requested, comparing the parties' respective proposals. Due to a miscommunication, the Task Force did not deliver its final set of instructions to defendants in time to prepare the chart. Pursuant to the parties' agreement, and with the Court's permission, defendants will submit the chart on Monday, April 3, 2006.

---

[1] These proposed instructions are not intended to waive any matter raised in any pretrial motion or any other objection or matter raised by defendants before, during, or after trial.

# I. PRELIMINARY INSTRUCTIONS

### DEFENDANTS' PROPOSED JURY INSTRUCTION No. 1
Introduction to Final Instructions[2]

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

---

[2] Pattern Criminal Jury Instructions for the Fifth Circuit [cited as "Fifth Circuit Instruction __"] 1.03.

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 2
Duty to Follow Instructions[3]

You, as jurors, are the judges of the facts. But in determining what actually happened that is, in reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

---

[3] Fifth Circuit Instruction 1.04; *see United States v. Meshack*, 225 F.3d 556, 580-81 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 834 (2001), *amended on reh'g in part* 244 F.3d 367 (5th Cir. 2001), *petition for cert. filed*, (U.S. June 25, 2001) (No. 00-10499) (instructing jury that "[i]t is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy" is not plain error).

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 3
### Duty to be Impartial[4]

Therefore, let me reiterate, as I did when this trial began, what this case is not about. Many people have friends or family members who worked for Enron or who have worked for people who did business with Enron, and who are adversely affected by the bankruptcy of Enron and its substantial downsizing.

This case is not intended to address the alleged damages suffered by those former employees of Enron or by others because of the collapse of Enron. Likewise, it is not intended to punish anyone or seek vengeance against Enron's former officers because of some wrongdoing others may believe Enron or its officials may have committed. There are other pending civil and administrative actions designed to remedy those issues. The purpose of this case is to decide whether Mr. Lay or Mr. Skilling violated the criminal laws of the United States.

It is also your duty to base your verdict solely upon the evidence. You must conscientiously and fairly decide whether the government has proven beyond a reasonable doubt that either defendant is criminally responsible. Your duty is not to right a wrong or to provide remedies for those who suffered from the collapse of Enron.

---

[4] Adapted from Transcript of Proceedings in *U.S. v. Skilling*, Crim. No. H-04-25 (Lake, J) at 359:14 to 360:12. The phrase "[a]dapted from," as used in these proposed instructions, indicates that matters of substance have been added to and/or deleted from a cited model or pattern instruction.

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 4

### SKILLING PROPOSAL
Presumption of Innocence, Burden of Proof, Reasonable Doubt[5]

Mr. Skilling and Mr. Lay are presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving Mr. Skilling and Mr. Lay guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

### LAY PROPOSAL
Presumption of Innocence and Burden of Proof[6]

Although the defendants have been indicted, you must remember that an Indictment is only an accusation. It is not evidence. The defendants have pled not guilty to that Indictment.

As a result of the defendants' pleas of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendants for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendants to be innocent of all the charges against them. I therefore instruct you that the defendants are to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven them guilty beyond a reasonable doubt.

---

[5] Adapted from Fifth Circuit Instruction 1.05.

[6] *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978); *Coffin v. United States*, 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1895); *United States v. Thaxton*, 483 F.2d 1071 (5th Cir. 1973); L. Sand, J. Siffert, W. Loughlin & S. Reiss, MODERN FEDERAL JURY INSTRUCTIONS, Chapter 4, Page 2 (2003) [hereafter cited as "Sand"].

5

The defendants begin the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit the defendants unless you as jurors are unanimously convinced beyond a reasonable doubt of their guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendants not guilty.

This presumption was with the defendants when the trial began and remains with them even now as I speak to you and will continue with the defendants into your deliberations unless and until you are convinced that the government has proven their guilt beyond a reasonable doubt.

## LAY PROPOSAL
Reasonable Doubt[7]

I have said that the government must prove each defendant guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to each defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit the defendants. On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the defendants' guilt beyond a reasonable doubt, you should vote to convict.

---

[7] *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *United States v. Morris*, 647 F.2d 568 (5th Cir. 1981), Sand Chapter 4, p. 8.

## II. EVIDENCE

### DEFENDANTS' PROPOSED JURY INSTRUCTION No. 5
Judging the Evidence[8]

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case for only those purposes for which it has been received and to give such evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always assumed by the government.

---

[8] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS ("O'Malley") § 12.02 (5th ed. 2000).

7

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 6
Evidence re: Large Sums of Money[9]

The presumption of innocence applies to every defendant in every case equally without regard to his or her wealth. The mere fact that the transactions in this case involved millions of dollars does not mean that the defendants are held to a greater standard of conduct than had the case involved smaller sums of money. Nor should the jury conclude that merely because the parties involved in the case dealt in large sums of money that the defendants were guilty of any wrongdoing. The laws apply the same in all cases.

---

[9] *Mayer v. City of Chicago*, 404 U.S. 189, 196 (1971) ("The size of the defendant's pocketbook bears no . . . relationship to his guilt or innocence . . . ."); *Rigney v. Hendrick*, 355 F.2d 710, 718 (3d Cir. 1965) (Freedman, J., dissenting) ("The equal protection provision of the Fourteenth Amendment spreads its benevolent protection on rich and poor alike . . . equally presumed to be innocent until proven guilty beyond a reasonable doubt.").

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 7
### Caution - Consider Only Crime Charged[10]

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

---

[10] Fifth Circuit Instruction 1.19.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 8**
Multiple Defendants - Multiple Counts[11]

      A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, must be considered separately. Also, the case of each defendant must be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant. Each defendant is entitled to have his case decided solely on the evidence which applies to him. As I have instructed you, some of the evidence that has been introduced in this case, has been admitted against only one of the defendants, and cannot be considered against the other.

---

[11] Fifth Circuit Instruction 1.23; Eighth Circuit Manual of Model Jury Instructions § 2.14 (Criminal 2003 ed.).

10

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 9**
Evidence - Excluding What is Not Evidence[12]

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

---

[12] Fifth Circuit Instruction 1.06.

11

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 10
### Evidence Received in the Case, Stipulations Permitted[13]

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, all facts to which the parties may have agreed or stipulated, and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case. It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure. You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

---

[13] O'Malley § 12.03.

12

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 11
### Evidence - Inferences - Direct and Circumstantial[14]

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make, and you should not be concerned about whether the evidence is direct or circumstantial. 'Direct evidence' is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. 'Circumstantial evidence' is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

---

[14] Fifth Circuit Instruction 1.07.

13

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 12
### Pretrial Publicity[15]

There has been substantial publicity about this case. The statements contained in those media accounts are not facts or admissible evidence, and may be inaccurate, based on bias, partial information, rumor and opinion, or come from individuals who have not been cross-examined by the parties.

You must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom, and your verdict must be based solely and exclusively on the evidence presented in court in accordance with my instructions about the law you must apply to the evidence.

---

[15] O'Malley § 10.02.

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 13
Summaries and Charts Not Received in Evidence[16]

Certain charts and summaries have been shown to you solely to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

---

[16] Fifth Circuit Instruction 1.43.

### DEFENDANTS' PROPOSED JURY INSTRUCTION No. 14
Summaries and Charts Received in Evidence[17]

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

---

[17] Fifth Circuit Instruction 1.44.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 15**
Enron Internal Ethical Standards, Civil Regulations
and Applicable Accounting Requirements[18]

   You have heard reference at times during the trial to various Enron internal ethical standards, certain civil regulations, and various applicable accounting requirements.  A violation of these standards, regulations, or requirements should not be considered by you as a violation of the criminal law.  You may consider, however, evidence of a knowing and intentional violation of these standards, regulations, or requirements as you would any other evidence in determining whether or not the defendants had the required specific intent to violate the criminal law as charged in the indictment.  You are reminded that the government must prove each element of each offense alleged beyond a reasonable doubt.

---

[18] Adapted from jury charge given by the Hon. Vanessa D. Gilmore in *United States v. Hirko, et al.*, Criminal Action No. H-03-0093.  *See United States v. Christo*, 614 F.2d 486, 492 (5th Cir. 1980).

# III. WITNESSES

### DEFENDANTS' PROPOSED JURY INSTRUCTION No. 16
Credibility of Witnesses[19]

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Skilling and Mr. Lay beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the judges of the credibility or "believability" of each witness, including defendants, and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have a relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness respond differently to the lawyers from both sides? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. You may accept whatever portion of a witness's testimony, if any, that you find believable. However, if you believe a witness testified falsely concerning one important or material matter, you have a right to distrust the testimony of such an individual concerning any other matter. You may reject all of the testimony of that witness or give it such weight or credibility as you think it deserves.[20]

---

[19] Adapted from Fifth Circuit Instruction 1.08.

[20] *United States v. Walker*, 97 F.3d 253, 255 (8th Cir. 1996) (approving instruction permitting jury to reject all testimony of witness it finds to have testified falsely to any other "important or material matter."). *See also United States v. Partin*, 493 F.2d 750, 760 (5th Cir. 1974) (where admitted perjurer testifies in criminal prosecution, trial court "*must* charge that the testimony of that witness is to be scrutinized with care") (emphasis added, citation omitted).

18

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 17**
Number of Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.[21]

---

[21]Adapted from Sand, Instruction 4-3.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 18**
Character Evidence[22]

Where a defendant has offered evidence of good general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

---

[22] Fifth Circuit Instruction 1.09.  *See, e.g., United States v. John*, 309 F.3d 298, 303-05 (5th Cir. 2002).

20

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 19
Impeachment by Prior Inconsistencies[23]

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the testimony the witness gave at this trial. In this case, you have heard evidence that some witnesses made prior statements that were inconsistent with their testimony. With an exception that I'll come to in a moment, such earlier inconsistent statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider these earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness. If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

You have also heard evidence that some witnesses made prior statements that were given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. Those earlier statements may be considered not only to determine the credibility of the witness, but also to prove that the contents of the prior statements are true. Again, if you think that a witness's prior statements bolster or undermine his or her credibility, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

---

[23] Adapted from Fifth Circuit Instruction 1.10, modified pursuant to Fed. R. Evid. 801(d)(1)(A) to clarify that prior inconsistent statements may be considered as substantive evidence where the prior statement "was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition." *See also id.,* Note (quoting Fed. R. Evid. 801(d)(1)(A)).

### DEFENDANTS' PROPOSED JURY INSTRUCTION No. 20
Impeachment of Witness - Prior Crimes

The testimony of a witness may also be discredited or impeached by showing that he or she has been convicted of or pled guilty to a crime.

The following government witnesses have pled guilty to crimes:  Mark Koenig, Paula Rieker, Ken Rice, Tim Belden, David Delainey, Kevin Hannon, Andrew Fastow, and Ben Glisan.

A witness's prior criminal conviction is admitted into evidence solely for your consideration in evaluating his or her credibility as a witness.  These witnesses' previous pleas of guilty may not be considered as evidence of Mr. Skilling or Mr. Lay's guilt.  A defendant is entitled to have the issue of his or her innocence determined solely on the basis of the evidence against him or her, and not on whether another person has been convicted of or pleaded guilty to the same or similar charges with which the defendant is accused.  Your role here is to determine the guilt or innocence of the defendants.  You should not take into account, in any respect, the actions of other witnesses who have been impeached by a showing that they have been convicted of a crime.[24]  You may consider the fact that the witnesses who testified were convicted felons in deciding how much of their testimony to accept and what weight, if any, it should be given.

---

[24] *United States v. Romeros*, 600 F.2d 1104, 1105 (5th Cir. 1979) (citing *United States v. Veltre*, 591 F.2d 347, 349-50 (5th Cir. 1979)) (finding error in failure to give cautionary instruction when prosecution introduces evidence of a coconspirator's guilty plea to similar crime, role of jury is to determine guilt or innocence of defendant, regardless of how a coconspirator pleads).

### DEFENDANTS' PROPOSED JURY INSTRUCTION No. 21
Witnesses with Plea Bargains[25]

The government has called several witnesses with whom it has entered into plea, cooperation, or non-prosecution agreements.

These witnesses include:  Mark Koenig, Ken Rice, Paula Rieker, Wes Colwell, Tim Belden, David Delainey, Kevin Hannon, Andrew Fastow, Chris Loehr, Vince Kaminski, Sherron Watkins, and Ben Glisan.

As part of a plea, cooperation, or non-prosecution agreement, the government promises not to prosecute the witness or to seek a lighter sentence or, in some cases, no sentence at all, if the witness agrees to cooperate with and testify on behalf of the government.  Under such agreements, it is completely up to the government to decide, after each witness testifies, whether to prosecute the witness, dismiss charges against the witness, ask a judge for a lower sentence, or, if the government does not feel the witness has testified truthfully, to prosecute the witness or recommend a harsher prison sentence.  Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.[26]

A person who has entered into a plea bargain and cooperation agreement with the government is not prohibited from testifying.  On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty,[27] although such testimony must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.[28]  You should keep in mind that the testimony of someone who provides evidence against a defendant in exchange for immunity from punishment or a reduced sentence is inherently untrustworthy and, therefore, must always be received with caution and examined with greater care than the testimony of a witnesses who has not reached such an agreement with the government.[29]  You may consider looking to other evidence in the record first for corroboration before you give full credence to the witness's testimony.  Also, you must decide whether the witness's testimony has been affected by the benefits that the witness has received as a result of

---

[25] Adapted from Fifth Circuit Instructions 1.14 & 1.15.  *See also United States v. Garcia Abrego*, 141 F.3d 142, 153 (5th Cir. 1998); *Tillery v. U.S.*, 411 F.2d 644, 646-47 (5th Cir. 1969); *United States v. Williams*, 573 F.2d 284, 292 (5th Cir. 1978).

[26] From Fifth Circuit Instruction 1.15.

[27] From Fifth Circuit Instruction 1.15.

[28] From Fifth Circuit Instruction 1.14.

[29] *Tillery*, 411 F.2d at 646 (plea bargain testimony inherently untrustworthy).

entering into the plea and cooperation agreement in exchange for testifying, or by any other motives you believe may influence the witness's testimony.[30]

You should never convict a defendant upon the unsupported testimony of a person who has entered into a plea bargain with the government unless you believe that testimony beyond a reasonable doubt.  The fact that a witness has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.[31]

---

[30] Adapted from Fifth Circuit Instruction 1.14.

[31] From Fifth Circuit Instruction 1.15.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 22**
Credibility of Witnesses - Interest in Outcome[32]

In evaluating the credibility of witnesses, you should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

---

[32] Sand, Instruction 7-3.

25

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 23**
Credibility of Witnesses - Bias and Hostility[33]

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some witnesses may have towards the defendants.

Evidence that a witness is biased, prejudiced or hostile toward either of the defendants requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

---

[33] Sand, Instruction 7-2.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 24**
Credibility of Witnesses - Prior Perjury[34]

There has been evidence that the following government witnesses, who testified at this trial, knowingly perjured themselves, by lying under oath at another proceeding, or obstructed justice, by lying to the FBI during interviews conducted as a part of official investigations.  These witnesses include:

Mark Koenig, Paula Rieker, Ken Rice, Kevin Hannon, Ben Glisan, Sherron Watkins, and David Delainey.

I must warn you that the testimony of these witnesses should be viewed cautiously and weighed with great care.  It is, however, for you to decide how much of their testimony, if any, you wish to believe.

---

[34] Adapted from Sand, Instruction 7-18; *United States v. Collins*, 223 F.3d 502 (7th Cir. 2000). *See also United States v. Partin*, 493 F.2d 750, 760 (5th Cir. 1974) (where admitted perjurer testifies in criminal prosecution, trial court "*must* charge that the testimony of that witness is to be scrutinized with care") (emphasis added, citation omitted).

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 25**
Impeachment by Evidence of Untruthful Character[35]

You have heard the testimony of Andrew Fastow.  You have also heard testimony from other witnesses regarding their opinion whether Mr. Fastow is a truthful person.  It is up to you to decide whether Mr. Fastow was telling the truth in this trial.  In deciding this, you should bear in mind the testimony concerning Mr. Fastow's reputation for truthfulness as well as all the other factors already mentioned.

---

[35] Adapted from Fifth Circuit Instruction 1.13.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 26**
Credibility of Witnesses - Law Enforcement Witnesses

You have heard the testimony of a witness employed by a law enforcement agency.  The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of the law enforcement witnesses on the ground that their testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and what weight, if any, to give to that testimony.[36]

---

[36] Adapted from Sand, Instruction 7-16.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 27**
Expert Witness[37]

      During the trial you heard the testimony of _____, who has expressed opinions concerning _____. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education, may testify and state an opinion concerning such matters.

      Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

---

[37] Fifth Circuit Instructions 1.17.

# IV.  SUBSTANTIVE INSTRUCTIONS

### DEFENDANTS' PROPOSED JURY INSTRUCTION No. 28
Indictment is Not Evidence[38]

With these preliminary instructions in mind, let us turn to the charges against the defendants, as contained in the indictment.  I remind you that an indictment itself is not evidence. It merely describes the charges made against a defendant.  It is an accusation.  It may not be considered by you as any evidence of guilt of a defendant.

In reaching your determination of whether the government has proved a defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

---

[38] Adapted from Sand Instruction 3-1.

31

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 29**
Count 1 - Conspiracy:  Essential Elements[39]

Count One charges that Mr. Skilling and Mr. Lay conspired with others to commit the offenses of securities fraud and wire fraud.

A conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That a conspiracy, as charged in the indictment, actually existed[40] -- that is, that a defendant and at least one other person made an agreement to commit the crimes of securities fraud and wire fraud as charged in Count One.  I will instruct you in a moment on the elements of those offenses, and those instructions apply here.

Second:  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the specific intent to defraud.

Third:  That one of the conspirators during the existence of the charged conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish the crimes of securities fraud and wire fraud charged in the indictment as the alleged objects or purposes of the conspiracy.

Thus, in your consideration of the conspiracy offense as alleged in the indictment, you should first determine from all of the testimony and evidence in the case whether or not the specific conspiracy alleged in Count One existed.  If you conclude that a conspiracy did exist, you should next determine whether or not the defendant you are considering knew the unlawful purpose of that conspiracy and willfully joined it to further its unlawful purpose.

If you find that no conspiracy existed, or the conspiracy as charged in Count One did exist, but the defendant you are considering did not know the unlawful purpose of the conspiracy, or did not willfully join the conspiracy to further its unlawful purpose, you must find that defendant not guilty on this count.[41]

---

[39] Adapted from Fifth Circuit Instruction 2.20.

[40] *United States v. Whitley*, 670 F.2d 617, 620 (5th Cir. 1982) (emphasizing that the jury must first establish the existence of a conspiracy before considering whether the defendant was a member).

[41] *Id.* at 620-21.

32

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated among themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, or did not willfully join the conspiracy to further its unlawful purpose,[42] but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

---

[42] *Id.* at 620.

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 30
### Count 1 - Conspiracy:  Intent

Conspiracy to commit a particular substantive offense requires the same degree of criminal intent necessary to commit the substantive offense itself.[43]  Thus, in the present case, the government must prove beyond a reasonable doubt that the defendants knew that the alleged conspiracy was formed to commit securities fraud and/or wire fraud, and that the defendants willfully joined the conspiracy with the intent to commit those crimes knowingly, willfully, and with the specific intent to defraud.[44]

'Knowingly' means to act voluntarily and deliberately, rather than mistakenly or inadvertently.[45]

'Willfully' means to act voluntarily and purposely, and not negligently, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.[46]

'Intent to defraud' means to act with the intent to deceive.[47]  Specific intent, as that term implies, means more than the general intent to commit the act.  To establish specific intent the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law.[48]

---

[43] *United States v. Bordelon*, 871 F.2d 491, 493-94 (5th Cir.), *cert. denied*, 110 S. Ct. 121 (1989).

[44] *See* Fifth Circuit Instruction 2.20; 15 U.S.C. §§ 78b, 78ff; 17 C.F.R. § 240-10b5 (securities fraud); 18 U.S.C. 1343 (wire fraud).

[45] *United States v. Brown*, 186 F.3d 661, 665 (5th Cir. 1999) ("knowingly").

[46] *United States v. Peltz*, 433 F.2d 48, 55 (2d Cir. 1970) ("willfully" under securities laws); *United States v. Dixon*, 536 F.2d 1388, 1397 (2d Cir. 1976) (willfully requires intent to break the law); *United States v. Charnay*, 537 F.2d 341, 352 (9th Cir. 1976) (willful act is "wrongful *under the securities laws*" and involves "a significant risk of effecting the violation" of those laws) (emphasis added).

[47] *Southland Sec's Corp. v. INSpire Ins.Solutions, Inc.*, 365 F.3d 353, 366 (5th Cir. 2004) (intent to defraud).

[48] *United States v. Brown*, 578 F.2d 1280, 1284 (9th Cir. 1978) (securities fraud requires showing of specific intent to defraud, mislead, or deceive."); *United States v. Gross*  961 F.2d 1097, 1102 (3d Cir. 1992) (securities fraud requires specific intent ); *United States v. L'Hoste*, 609 F.2d 796, 804 (5th Cir. 1980) (specific intent defined).

34

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 31
Mere Association Not Evidence of Guilt

There is a longstanding rule against "guilt by association."  A defendant may not be convicted merely because people with whom he did business may have committed criminal acts.  Each element of each offense must be proved independently against a defendant individually on the basis of his own conduct and state of mind.[49]

---

[49] *United States v. Romo*, 669 F.2d 285, 288 (5th Cir. 1982).

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 32**
Count 1 – Conspiracy – Need for Jury Unanimity[50]

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count One.

Count One of the indictment accuses Mr. Skilling and Mr. Lay of committing the crime of conspiracy in two different ways. The first way alleged is that they conspired to commit the offense of securities fraud. The second way alleged is that they conspired to commit the offense of wire fraud. The government does not have to prove both of these for you to return a guilty verdict on Count One. Proof beyond a reasonable doubt on one object of the conspiracy, together with evidence that each other element necessary to prove the charge of conspiracy has been proved beyond a reasonable doubt, is enough.

However, you must find the defendant you are considering not guilty unless all twelve of you unanimously agree that the same object has been proved, and that each other element necessary to prove the charge of conspiracy has been proved beyond a reasonable doubt.[51] It is not enough if some of you find that one alleged object of the conspiracy was committed and others of you find that a different object was committed. You must all believe that the same object or objects were committed in order to find that the government has proven this element beyond a reasonable doubt.

Similarly, you must find the defendant you are considering not guilty unless all twelve of you agree that one of the alleged conspirators knowingly committed at least one of the overt acts described in the indictment, and that each other element necessary to prove the charge of conspiracy has been proved beyond a reasonable doubt. It is not enough if some of you find that one overt act was committed and others of you find that a different overt act was committed. You must all believe that the same overt act or acts were committed in order to find that the government has proven this element beyond a reasonable doubt.

A conspiracy count, just like any other count, requires that you make the determination individually with respect to each defendant. A finding of guilty or not guilty as to one defendant on the charge of conspiracy should not influence your finding as to the other defendant. Each count, and the evidence pertaining to it, must be considered separately. In order to return a guilty verdict on a specific count, all twelve of you must unanimously agree that the government has proven beyond a reasonable doubt each element of the offense charged in each count.

---

[50] Adapted from Fifth Circuit Instruction 1.25.

[51] Sand, Instruction 54-52.

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 33
### Count 1 - Multiple Conspiracies[52]

You must determine whether the conspiracy charged in Count One existed, and, if it did, whether Mr. Skilling or Mr. Lay was a member of it.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed.  If you find that the conspiracy charged in Count One did exist, but that the defendant you are considering was not a member of it, you must return a not guilty verdict.  Finally, if you find that the defendant you are considering was not a member of the conspiracy charged in Count One, then you must find him not guilty on that count, even though he may have been a member of some other conspiracy.

---

[52] Adapted from Fifth Circuit Instruction 2.21; *see, e.g., United States v. Neal*, 27 F.3d 1035, 1052 (5th Cir. 1994); *United States v. Stowell*, 953 F.2d 188, 189 (5th Cir. 1992); *United States v. Erwin*, 793 F.2d 656, 662-63 (5th Cir. 1986) ("As with all defense theories, however, the court commits reversible error when it refuses a defendant's specific request to instruct on a multiple conspiracy theory and the theory has *any evidentiary support whatsoever*.") (emphasis added, citations omitted).

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 34**
Count 1 - Statements of Alleged Co-conspirators

In your consideration of the conspiracy offense alleged in Count 1 of the indictment, you should first determine from all the testimony and evidence in the case whether or not the conspiracy existed as charged, and only then move on to determine whether or not the defendant you are considering knew the unlawful purpose of that conspiracy and willfully joined it to further its unlawful purpose.

In determining whether the defendant you are considering was a member of an alleged conspiracy, however, you should consider only that evidence, if any, pertaining to his own acts and statements. A defendant is not responsible for the other acts or declarations of other alleged participants until the government establishes beyond a reasonable doubt first that a conspiracy existed and second, from the evidence of his own acts and statements, that the defendant you are considering was one of its members.[53]

---

[53] *Whitley*, 670 F.2d at 620-21.

38

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 35**
Counts 2, 14, 16-20, 22-26 (Skilling) & Counts 27-29 (Lay) -
Securities Fraud, Essential Elements

Count 2 charges Mr. Skilling with securities fraud involving the construction and use of financial devices known as the Raptors.  Counts 14, and 16 through 20 charge Mr. Skilling with securities fraud in connection with the filing of Enron Forms 10-K and 10-Q.  Counts 22 through 26 charge Mr. Skilling with securities fraud based on presentations to securities analysts.  Counts 27 through 29 charge Mr. Lay with securities fraud based on presentations to securities analysts.  I remind you that each count, and the evidence pertaining to it, must be considered separately, and that the case against each defendant must be considered separately and individually.  The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or the other defendant.  You must give separate consideration to the evidence as to each defendant.

For you to find a defendant guilty of securities fraud, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That a defendant did one or more of the following:  (1) employed a device, scheme, or artifice to defraud, or (2) made an untrue statement of material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or (3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

Second:  That he did so in connection with the purchase or sale of securities;

Third:  That any false or misleading statement alleged was material under all the circumstances;

Fourth:  That the defendant acted willfully, knowingly, and with the specific intent to defraud;

Fifth:  That the defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce, or the mail, in furtherance of the allegedly fraudulent conduct.[54]

---

[54] Adapted from Sand, Instruction 57-21.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 36**
Counts 2, 14, 16-20, 22-26 (Skilling) & Counts 27-29 (Lay) -
Securities Fraud First Element: Means of Committing Securities Fraud[55]

The first element the government must prove beyond a reasonable doubt for the securities fraud counts is that in connection with the purchase or sale of Enron securities, a defendant did one or more of the following: (1) employed a device, scheme, or artifice to defraud, or (2) made an untrue statement of material fact or omitted to state a material fact which made what was said, under all the circumstances, misleading, or (3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the government to prove all three types of unlawful conduct in connection with the purchase or sale of Enron securities. Any one will be sufficient for conviction, if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven.

A "device, scheme or artifice to defraud" as used in these instructions means the forming of some contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.[56]

With regard to alleged misrepresentations and omissions, you must determine whether an alleged statement was true or false when it was made or, in the case of omissions, whether the omission of a fact made the statement misleading. The government may establish that a statement predicting future events concerning Enron or its stock constitutes a false statement only if it proves beyond a reasonable doubt that a defendant believed the prediction was false when he made it, and that the prediction either did not have a reasonable basis at the time it was made, or that a defendant knowingly concealed adverse, material information at the time he made the forward-looking statement.[57] A prediction is not false, however, simply because it turns out to be wrong.

Likewise, a statement is not misleading simply because it omits relevant facts. You must decide whether the statement is misleading in light of all the circumstances in which

---

[55] Adapted from Sand, Instruction 57-22; Fifth Circuit Pattern Criminal Jury Instruction 2.60 (Wire Fraud).

[56] Adapted from Sand, Instruction 57-22.

[57] *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1090, 1096 (1991) (defendant's "disbelief or undisclosed motivation, standing alone," insufficient to support a claim of securities fraud); *United States v. Causey*, No. Crim. H-04-025-SS, 2005 WL 2647976, *9 (S.D. Texas Oct. 17, 2005).

40

each particular statement was made.  Corporations are not required to disclose even material information absent a duty to make such a disclosure.  In fact, there is no general duty on the part of a company to provide the public with all material information — mere possession of material nonpublic information alone does not create a duty to disclose it.[58]  The government must prove beyond a reasonable doubt that each statement it alleges to be a misrepresentation was misleading because a defendant failed to disclose material information that was necessary to make the alleged misrepresentation accurate or complete, and therefore, not misleading.[59]

       For example, corporate executives are not required to present an overly gloomy or cautious picture of their company's prospects.  As long as a statement is factually correct, executives are allowed to express confidence in their company, and omit overly negative facts.[60]

---

[58] *Chiarella v. United States*, 445 U.S. 222, 235 (1980) (duty to disclose).

[59] *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988) (materiality); *United States v. Peterson*, 101 F.3d 375, 380 (5th Cir. 1996) (materiality); *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1445 (5th Cir. 1993) (materiality).

[60] *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 433 (5th Cir. 2002) (no duty to make grim corporate predictions).

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 37**
Counts 2, 14, 16-20, 22-26 (Skilling) & Counts 27-29 (Lay) -
Securities Fraud Second Element: "in connection with"

If you unanimously conclude for one of these counts you are considering that the government has proven beyond a reasonable doubt that a defendant has employed one or more of the means for committing securities fraud, the government must then prove beyond a reasonable doubt that a defendant did so in connection with a purchase or sale of securities. The "in connection with the purchase or sale of securities" aspect of this element is satisfied if you find that the allegedly fraudulent conduct had some direct connection with, or logical precise relevance to, the sale or purchase of securities.[61]

---

[61] *United States v. Drobny*, 955 F.2d 990, 997-98 (5th Cir. 1992) ("in connection with"); *First Virginia Bankshares*, 559 F.2d at 1315 ("in connection with"); *Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843, 847 (2d Cir. 1986) ("in connection with").

42

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 38**
Counts 2, 14, 16-20, 22-26 (Skilling) & Counts 27-29 (Lay) -
Securities Fraud Third Element:  Materiality[62]

If you unanimously conclude on a count you are considering that the government has proven beyond a reasonable doubt that a defendant, in connection with a purchase or sale of securities, made a statement that was false or involved a misleading omission, you must also determine whether the government proved beyond a reasonable doubt that the fact misstated or omitted was material under all the circumstances.  A misrepresented or omitted fact is material if, under all the circumstances, the fact misstated or the fact omitted was of such importance that it could reasonably be expected to cause or to induce a person to invest or to cause or induce a person not to invest.[63]  For the purposes of determining a statement's materiality, context is crucial.  Materiality is not judged in the abstract, but must be determined in light of all the surrounding circumstances.[64]  Unless you find that an allegedly misrepresented or omitted fact is material, you must acquit the defendant you are considering on that charge.

**Statements Inherently Not Material** - Certain statements are inherently not material.  For example:

Forward-Looking Statements:  General predictions about a company, not worded as guarantees, and generalized positive statements about a company's prospects are not material.  Similarly, predictions about general economic conditions cannot be considered material.[65]

Context Makes Statements Immaterial:  Even if a forward-looking statement is shown to be false, it still cannot form the basis of a claim of securities fraud if other true statements, or other cautionary statements concerning the subject matter of the statements at issue, sufficiently nullify any potentially misleading effect.[66]

---

[62] *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 359 (5th Cir. 2002) (materiality); *In re Blockbuster Inc. Securities Litigation*, 2004 U.S. Dist. LEXIS 7173, at *21-*22 (N.D. Tex. Apr. 26, 2004) (materiality).

[63] Adapted from the charge of the Honorable Sim Lake in *United States v. Jamie Olis*, H-03-217 (S.D. Tex. Nov. 13, 2003).

[64] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 866, 869 (5th Cir. 2003) (quoting Lake, J.) *aff'g In re Azurix Corp. Securities Litigation*, 198 F. Supp. 2d 862, 881-83 (S.D. Tex. 2002) 70 (materiality/context).

[65] *See Rosenzweig*, 332 F.3d at 869-70 (forward-looking statements); *Rubinstein v. Collins*, 20 F.3d 160, 166-71 (5th Cir. 1994) (bespeaks caution doctrine, forward-looking statements).

[66] *See Rosenzweig*, 332 F.3d at 854, 866 (context); *Rubinstein*, 20 F.3d at 166-71 (bespeaks caution doctrine, forward-looking statements); *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1120-23 (10th Cir. 1997) (bespeaks caution doctrine).

Facts Already Known to the Market:  If the truth about certain facts is known to the market, a false statement about the same facts is not material, and therefore cannot form the basis of a claim of securities fraud.[67]

Non-Specific Puffery:  Even if a statement is demonstrably false or misleading, it is not material, and therefore cannot support a claim of securities fraud, if it is "puffery" -- so lacking in specificity, or so clearly constituting the opinions of the speaker, that no reasonable investor could find the statement important to the total mix of information he or she would consider when making an investment decision.  For example, a corporation's commonly-heard self-praise, corporate cheerleading, and mere expressions of optimism are not considered seriously by the marketplace and investors in assessing a potential investment, and thus, such statements are not material.[68]

---

[67] *See City of Monroe Employees Retirement System v. Bridgestone Corp.*, 399 F.3d 651, 675 & n.21 (6th Cir. 2005) (facts already known in marketplace).

[68] *See United States v. Causey*, No. CRIM. H-04-025-SS, 2005 WL 2647976, *3 (S.D. Texas Oct. 17, 2005) (puffery).

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 39**
Counts 2, 14, 16-20, 22-26 (Skilling) & Counts 27-29 (Lay)
Securities Fraud Fourth Element:  Knowledge, Intent, and Willfulness[69]

If you unanimously conclude for one of these counts that the government has proven beyond a reasonable doubt that a defendant employed one or more of the means for committing securities fraud, and, if it involved an allegation of a false or misleading statement, that the statement made or fact omitted was material, and the government has also proven beyond a reasonable doubt that a defendant did so in connection with a purchase or sale of securities, the government must then also prove beyond a reasonable doubt that a defendant participated in the alleged scheme to defraud knowingly, willfully, and with the specific intent to defraud.

'Knowingly' means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

'Willfully' means to act voluntarily and purposely, and not negligently, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law. [70]

'Intent to defraud' means to act with the intent to deceive.[71]  Specific intent, as that term implies, means more than the general intent to commit the act.  To establish specific intent the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law.[72]

---

[69] Adapted from Fifth Circuit Instructions 1.37 & 1.38; Sand, Instruction 57-25; 15 U.S.C. §§ 78b, 78ff; 17 C.F.R. § 240-10b5; *Arthur Andersen LLP v. United States*, 125 S. Ct. 2129 (2005).

[70] *Peltz*, 433 F.2d at 55 ("willfully" under securities laws); *Dixon*, 536 F.2d at 1397 (willfully requires intent to break the law); *Charnay*, 537 F.2d at 352 (willful act is "wrongful *under the securities laws*" and involves "a significant risk of effecting the violation" of those laws) (emphasis added).

[71] *Southland Sec's Corp.*, 365 F.3d at 366 (5th Cir. 2004) (intent to defraud).

[72] *Brown*, 578 F.2d at 1284 (securities fraud requires showing of specific intent to defraud, mislead, or deceive."); *Gross*, 961 F.2d at 1102 (securities fraud requires specific intent ); *L'Hoste*, 609 F.2d at 804 (specific intent defined).

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 40**
Counts 2, 14, 16-20, 22-26 (Skilling) & Counts 27-29 (Lay) -
Securities Fraud Fifth Element:  Instrumentality of Interstate Commerce[73]

Finally, if you unanimously conclude for one of these counts that the government
has proven beyond a reasonable doubt that a defendant employed one or more of the means for
committing securities fraud, and, if it involved an allegation of a false or misleading statement,
that the statement made or fact omitted was material, and that a defendant did so in connection
with a purchase or sale of securities, and participated in the alleged scheme to defraud
knowingly, willfully, and with the specific intent to defraud, the government then must prove
beyond a reasonable doubt that all this was done while the defendant knowingly used, or caused
to be used, instruments of communication in interstate commerce and the mail in furtherance of
the scheme to defraud or fraudulent conduct.

"Interstate commerce" means commerce or travel between one state, territory or
possession of the United States and another state, territory or possession of the United States,
including the District of Columbia.[74]  "Commerce" includes travel, trade, transportation and
communication.[75]

It is not necessary that the government prove that the material transmitted by
instruments of communication in interstate commerce or by mail was itself false or fraudulent, or
that the use of interstate communications or the mail was intended as the specific or exclusive
means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the use of the instruments
of communication in interstate commerce or the mail was of material importance to the
consummation of the scheme[76] to defraud or fraudulent conduct because a defendant either used
an interstate communication or the mail or caused someone else to do so in an attempt to execute
or carry out the scheme.  To "cause" an instrument of communication in interstate commerce or
the mail to be used is to do an act with knowledge that the use of such an instrument or of the
mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

---

[73] Adapted from 3 Sand, Instruction 57-26; Fifth Circuit Instructions 1.39, 1.41 and 2.60; *see,
e.g., Gower v. Cohn*, 643 F.2d 1146, 1151-52 (5th Cir. 1981).

[74] Fifth Circuit Instruction 1.39.

[75] Fifth Circuit Instruction 1.41.

[76] *See, e.g., Gower*, 643 F.2d at 1151-52.

46

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 41
### Counts 2, 14, 16-20, 22-26 (Skilling) & Counts 27-29 (Lay) -
### Securities Fraud:  Unanimity[77]

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous.  The following instruction applies to the unanimity requirement as to Counts 2, 14, 16 through 20, 22 through 26, and 27 through 29.

Although the government alleges that the defendants committed "securities fraud" as a general proposition, allegations of separate, specific offenses are contained in each of separate counts charged in the indictment.  Each count, and the evidence pertaining to it, must be considered separately.  In order to return a guilty verdict on a specific count, all twelve of you must unanimously agree that the government has proven beyond a reasonable doubt each element of the offense charged in each count.

So, in each of Counts 2, 14, 16 through 20, and 22 through 26, the government accuses Mr. Skilling of committing Securities Fraud by (i) employing devices, schemes, and artifices to defraud; (ii) making untrue statements of material facts and omitting to state facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) engaging in acts, practices, and courses of conduct which operated as a fraud and deceit upon members of the investing public.  For each count, the government does not have to prove that Mr. Skilling used all of the means alleged for you to return a guilty verdict on the charge.  Proof beyond a reasonable doubt on one is enough.

However, you must find the defendant not guilty on a specific count unless all twelve of you agree that the same device, scheme, artifice, statement, omission, act, practice, or course of conduct alleged to have been used has been proven beyond a reasonable doubt, and that each other element necessary to prove securities fraud for that count has also been proven beyond a reasonable doubt.  It is not enough if some of you find that Mr. Skilling used one means and others of you find that he used different means.  You must all unanimously believe that the same device, scheme, artifice, statement, omission, act, practice, or course of conduct was used in order to find that the government has proven this element beyond a reasonable doubt.[78]

Likewise, in each of counts 27 through 29, the government accuses Mr. Lay of committing Securities Fraud by (i) employing devices, schemes, and artifices to defraud; (ii) making untrue statements of material facts and omitting to state facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) engaging in acts, practices, and courses of conduct which operated as a fraud and deceit upon members of the investing public.  For each count, the government does not

---

[77] Adapted from Fifth Circuit Instruction 1.25; Sand, Instruction 54-52.

[78] Sand, Instruction 54-52.

have to prove that Mr. Lay used all of the means alleged for you to return a guilty verdict on the charge. Proof beyond a reasonable doubt on one is enough.

However, you must find Mr. Lay not guilty on a specific count unless all twelve of you agree that the same device, scheme, artifice, statement, omission, act, practice, or course of conduct alleged to have been used has been proven beyond a reasonable doubt, and that each other element necessary to prove securities fraud for that count has also been proven beyond a reasonable doubt. It is not enough if some of you find that Mr. Lay used one means and others of you find that he used different means. You must all unanimously believe that the same device, scheme, artifice, statement, omission, act, practice, or course of conduct was used in order to find that the government has proven this element beyond a reasonable doubt.[79]

A securities fraud count, just like any other count, requires that you make the determination individually with respect to each defendant. A finding of guilty or not guilty as to one defendant on the charge of securities fraud should not influence your finding as to the other defendant.

---

[79] Sand, Instruction 54-52.

48

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 42**
Counts 12 and 13 - Wire Fraud Charges Against Kenneth Lay
(September 26, 2001 and October 23, 2001)

In Counts Twelve and Thirteen of the Indictment, the government alleges that **KENNETH L. LAY** committed wire fraud in the year 2001. The Indictment charges as follows:

On or about the dates specified below, within the Southern District of Texas and elsewhere, the defendant, **KENNETH L. LAY,** having devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representatives and promises, did for the purpose of executing such scheme and artifice transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds, as follows:

| Count | Date | Wire Transmission |
|-------|------|-------------------|
| 12 | 9/26/2001 | Enron Online Forum Electronic Transmission from Houston, Texas to other states and internationally |
| 13 | 10/23/2001 | Wire transmission All Employee Meeting video teleconference from Houston, Texas to other states and internationally |

In violation of Title 18, United States Code, §§ 1343, 2 and 3551 et seq.

Title 18, United States Code, § 1343, makes it a crime for anyone to use interstate wire communications facilities in carrying out a scheme to defraud.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant knowingly created a scheme to defraud, as described in the indictment;

*Second:* That the defendant acted with a specific intent to defraud;

*Third:* That the defendant used or caused another person to use interstate wire communications facilities for the purpose of carrying out the scheme; and

*Fourth:* That the scheme to defraud employed false material representations.

A "scheme to defraud" includes any scheme to deprive another of money, property, or the intangible right to honest services by means of false or fraudulent pretenses, representations, or promises.

A statement of opinion or prediction is not a false statement merely because it turns out to be wrong. The falsity of a predictive statement, if any, is determined by examining the nature of the prediction — with emphasis on whether the prediction suggested reliability, bespoke caution, was made in good faith, or had a sound factual or historical basis.

You are instructed that analysts and investors rely on facts and not generalized expressions of corporate optimism when evaluating whether to buy, sell or hold stock. Generalized, positive comments about a company made by an officer, statements that are too vague to be relied upon, and projections of future performance not worded as guarantees, are not "material," as that term is herein defined. If a statement was accompanied by appropriate cautionary language, you may determine that the statement, even if ultimately determined to be false or inaccurate, was not materially misleading. You are further instructed that statements made during an oral presentation cannot be considered in isolation but must be viewed in the context of the total presentation, including in the context of other information available to analysts and investors at the time.

In order to find a defendant guilty of wire fraud on the basis of an alleged omission of a material fact, you must find that the defendant had a duty to state the fact. A defendant does not have a duty to state a material fact simply because an investor, either reasonably or unreasonably, would have wanted to know that fact when making an investment decision. Under the circumstances present in this case, a duty to state a material fact only arises if a defendant's material statements are rendered misleading by the allegedly omitted material information. If you find that the defendant's material statements were not misleading in light of the omitted information, you may not find that the defendant committed wire fraud because of what he did not say.

If you should decide beyond a reasonable doubt that a particular statement or a particular omission was false or misleading at the time that it was made, then you must determine if the fact stated or omitted was a "material" fact or a "material" omission under the evidence received in this case.

A fact or omission is "material" in the context of the securities markets if there is a substantial likelihood that a reasonable investor would consider that fact or the omission to be significant or important in making the decision to buy or sell a security. In other words, there must be a substantial likelihood that the fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available.

The wire fraud statute under which Counts Twelve and Thirteen of the Indictment are brought is concerned only with such "material" misstatements or such "material" omissions and does not cover minor, or meaningless, or unimportant ones.

50

It does not matter whether the alleged unlawful conduct was successful or not, or that the defendant profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged. However, if you find that the defendant did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

"Honest Services" are services which an officer owes to a corporation under state law. Officers and directors stand in a fiduciary relationship to the corporation that employs them and owes the corporation certain fiduciary duties. An officer or director of Enron owed Enron duties of loyalty and good faith. Pursuant to the duty of loyalty, officers and directors must devote themselves to the corporate affairs with a view to promote the common interests and not their own. Pursuant to the duty of good faith, an officer or director has a duty to his corporation to perform his functions in a manner that he reasonably believes to be in the best interest of the corporation. For these honest services, an officer or director may be compensated and compensated very generously. The amount of an officer's or director's compensation is not by itself evidence of any criminal wrongdoing. In order to find that a defendant knowingly executed a scheme to deprive Enron of honest services, you must find that (1) a defendant knowingly executed a scheme to breach a fiduciary duty owed Enron; and (2) the defendant foresaw or reasonably should have foreseen that Enron might suffer an economic harm as a result of breach.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law. "Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if:

(a)     A reasonable man would attach importance to its existence or non-existence in determining his choice of action in the transaction in question; or

(b)     The maker of the representations knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it.

The term "interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States,

including the District of Columbia.  Commerce includes travel, trade, transportation and communication.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the material transmitted by wire was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the interstate wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme.  To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud constitutes a separate offense.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 43**
Counts 31, 32, 34-36 - False Statements to Auditors in Annual and
Quarterly Representation Letters: Essential Elements[80]

Counts 31, 32, and 34 through 36 charge Mr. Skilling with making false statements in annual or quarterly representation letters to Enron's auditors.  For you to find him guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That at the time of the alleged false statement under consideration, Mr. Skilling was a director or officer of Enron.

Second:  That, in the annual or quarterly representation letter specified in the count under consideration, Mr. Skilling (1) made or caused to be made a materially false or misleading statement; or (2) omitted to state, or caused another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading.  A statement is material if it has the capacity to impair or prevent the functioning of the accountant to whom it is made.[81]

Third:  That the alleged false statement or omission was in connection with an audit or examination of the financial statements of Enron required by law to be made, or in connection with the preparation and filing of any document or report required by law to be filed with the Securities and Exchange Commission.

Fourth:  That the alleged false statements and omissions were made to an accountant.

Fifth:  That Mr. Skilling made the statement willfully, knowing it was false.  'Willfully' means to act voluntarily and purposely, and not negligently, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.[82]

---

[80] Adapted from Fifth Circuit Instructions 1.38, 2.50.  *See, e.g.,* 15 U.S.C. §§ 78m(a), 78m(b)(2), 78ff; 17 C.F.R. § 240.13b2-2; *Arthur Andersen LLP*, 125 S. Ct. at 2129.

[81] *See U.S. v. Beuttenmuller*, 29 F.3d 973, 982 (5th Cir. 1994) (materiality) *rev'd on other grounds as recognized in* 77 F.3d 1500, 1511 (5th Cir. 1996).

[82] *Peltz*, 433 F.2d at 55 ("willfully" under securities laws); *Dixon*, 536 F.2d at 1397 (willfully requires intent to break the law); *Charnay*, 537 F.2d at 352 (willful act is "wrongful *under the securities laws*" and involves "a significant risk of effecting the violation" of those laws) (emphasis added).

53

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 44
### Counts 31, 32, 34-36 - False Statements to Auditors in Annual and Quarterly Representation Letters:  Intent [83]

You must find Mr. Skilling not guilty unless the government proves beyond a reasonable doubt that Mr. Skilling made an alleged false statement willfully, knowing it was false.

'Willfully' means to act voluntarily and purposely, and not negligently, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law. [84]

'Knowledge' and 'knowing' means awareness, understanding, or consciousness, and acting voluntarily and deliberately, rather than mistakenly or inadvertently.[85]

---

[83] *See* 15 U.S.C. §§ 78m, 78ff; 17 C.F.R. § 240.13b2-2.

[84] *Peltz*, 433 F.2d at 55 ("willfully" under securities laws); *Dixon*, 536 F.2d at 1397 (willfully requires intent to break the law); *Charnay*, 537 F.2d at 352 (willful act is "wrongful *under the securities laws*" and involves "a significant risk of effecting the violation" of those laws) (emphasis added).

[85] *Brown*, 186 F.3d at 665 (5th Cir. 1999) ("knowingly"); *Arthur Andersen LLP*, 125 S. Ct. at 2130 ("knowingly").

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 45**
Counts 31, 32, 34-36 - False Statements to Auditors in Annual and
Quarterly Representation Letters:  Unanimity[86]

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous.  The following instruction applies to the unanimity requirement as to Counts 31, 32, and 34 through 36.

Although the government alleges Mr. Skilling made "False Statements to Auditors" as a general proposition, allegations of specific offenses are contained in separate counts in the indictment.  Each count, and the evidence pertaining to it, must be considered separately.  In order to return a guilty verdict on a specific count, all twelve of you must unanimously agree that the government has proven beyond a reasonable doubt each element of the offense charged in each count.

So, in each of Counts 31, 32, and 34 through 36 of the indictment, the government accuses Mr. Skilling of making statements to accountants retained by Enron that were materially false and misleading.  As to each count, you must find Mr. Skilling not guilty unless all twelve of you agree that the same materially false or misleading statement or statements to auditors alleged in the indictment have been proven beyond a reasonable doubt, and that each other element necessary to prove the charge of "False Statements to Auditors" has been proven beyond a reasonable doubt.

It is not enough if some of you find that Mr. Skilling made one materially false or misleading statement while others of you find that he made a different statement.  You must all unanimously believe that the same materially false or misleading statement or statements were made to auditors in order to find that the government has proven this element beyond a reasonable doubt.[87]

---

[86] Adapted from Fifth Circuit Instruction 1.25; Sand, Instruction 54-52.

[87] Sand, Instruction 54-52.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 46**
Counts 31, 32, 34-36 - False Statements to Auditors in Annual and
Quarterly Representation Letters:  Aiding and Abetting[88]

*Alternative A*:  No aiding and abetting instruction should be given.

*Alternative B*:  The guilt of a defendant in a criminal case may be established
without proof that the defendant personally did every act constituting the offense alleged.  The
law recognizes that, ordinarily, anything a person can do for himself may also be accomplished
by him through the direction of another person as his or her agent, or by acting in concert with, or
under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant
joins another person and performs acts with the intent to commit a crime, then the law holds the
defendant responsible for the acts and conduct of such other persons just as though the defendant
had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others it is
necessary that the accused deliberately associate himself in some way with the crime and
participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is
being committed are not sufficient to establish that a defendant either directed or aided and
abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant
and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a
reasonable doubt that every element of the offense as defined in these instructions was
committed by some person or persons, and that the defendant voluntarily participated in its
commission with the intent to violate the law.

A corporate officer is not responsible for the criminal conduct of employees or
other corporate officers unless you find beyond a reasonable doubt that the corporate officer
himself authorized, intentionally and knowingly participated in, or willfully agreed with others to
commit the criminal offense charged.

For you to find the defendant guilty of the crime of False Statements to Auditors
in Annual and Quarterly Representation Letter as an aider and abettor, you must be convinced
that the government has proved each of the following beyond a reasonable doubt:

First:  That the offense of False Statements to Auditors in Annual and Quarterly

---

[88] Adapted from Fifth Circuit Instruction 2.06; *see also United States v. Baytank*, 934 F.2d 599,
618 (5th Cir. 1991) (collecting cases).

Representation Letter was committed by some person;

Second:  That the defendant associated with the criminal venture;

Third:  That the defendant purposefully participated in the criminal venture; and

Fourth:  That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.  This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 47
Counts 42 - 51 - Insider Trading:  Essential Elements[89]

Counts 42 through 51 charge Mr. Skilling with insider trading.  For you to find him guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:  That in connection with the purchase or sale of Enron securities, Mr. Skilling employed a device, scheme, or artifice to defraud.

Second:  That Mr. Skilling acted willfully, knowingly, and with the specific intent to defraud.

Third:  That Mr. Skilling knowingly used, or caused to be used, any means or instruments of communication in interstate commerce or the mail in furtherance of the fraudulent conduct.

---

[89] Adapted from Sand, Instruction 57-21.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 48**
Counts 42 - 51 - Insider Trading First Element:  Device, Scheme, or Artifice to Defraud[90]

The "device, scheme, or artifice to defraud" the government alleges Mr. Skilling employed in Counts 42 through 51 is known as insider trading.  To establish this element, the government must prove beyond a reasonable doubt (1) that Mr. Skilling possessed material, nonpublic information about Enron or its stock; (2) that Mr. Skilling was an "insider" at Enron; and (3) that Mr. Skilling sold Enron stock, as alleged in the count under consideration, on the basis of the material, nonpublic information.[91]

(1) Information is nonpublic if it is intended to be available only for a corporate purpose and has not been disseminated in a manner making it available to investors generally.  Information is public when it is available to the investment community, even if it was not published in a press release, newspaper, or other form of media.  It is not necessary that most or even any investors act on the information, as long as the information is made available in a way that gives investors opportunity to make investment judgments.  Information is only non-public when it is not available to investors for their decision-making; if a corporation provides information to inquiring investors, it is public.[92]  It is material if, under all the circumstances, the information was of such importance that it could reasonably be expected to cause or to induce a person to invest or to cause or induce a person not to invest.[93]  For the purposes of determining a statement's materiality, context is crucial.  Materiality is not judged in the abstract, but must be determined in light of all the surrounding circumstances.[94]

---

[90] Adapted from Fifth Circuit Instruction 2.60 (Wire Fraud); *United States v. Smith*, 155 F.3d 1051, 1068 n.25 (9th Cir. 1998); *Arthur Andersen LLP*, 125 S. Ct. at 2129; Stuart Sinai, *A Challenge to the Validity of Rule 10b5-1*, 30 SEC. REG. L.J. 261 (2002).

[91] *Smith*, 155 F.3d at 1066-69 ("on the basis of).

[92] *SEC v. Texas Gulf Sulpher Co.*, 401 F.2d 833, 854 (2d Cir. 1968) (en banc) ("nonpublic"); *Dirks v. SEC*, 463 U.S. 646, 653-54 (1983) ("nonpublic"); *United States v. Ruggiero*, 56 F.3d 647, 654 (5th Cir. 1995) (insider trading and "nonpublic").

[93] Adapted from the charge of the Honorable Sim Lake in *United States v. Jamie Olis*, H-03-217 (S.D. Tex. Nov. 13, 2003).

[94] *Basic Inc.*, 485 U.S. at 231-32 (materiality); *Peterson*, 101 F.3d at 380 (materiality); *Krim*, 989 F.2d at 1445 (materiality); *Rosenzweig*, 332 F.3d at 869 (quoting Lake, J.) (materiality/context).

(2) Persons who are corporate officers or directors are considered "insiders" for purposes of the prohibition on insider trading.[95]

(3) To establish that Mr. Skilling sold Enron stock "on the basis of" material, nonpublic information, the government must prove beyond a reasonable doubt that Mr. Skilling actually used the information in formulating or consummating the transaction involved, and that such inside information was a significant factor in Mr. Skilling's investment decision. It is not sufficient that the government proves that Mr. Skilling sold Enron stock while knowingly in possession of the material, nonpublic information. Rather, unless the government proves beyond a reasonable doubt that Mr. Skilling in fact actually used the material, nonpublic information to inform his decision to purchase or sell Enron stock, and the information was a significant factor in that decision, you must find him not guilty on that count.[96]

---

[95] *United States v. O'Hagan*, 521 U.S. 642, 652 (1997) (insider trading prohibition applies "to officers, directors, and other permanent insiders of a corporation…").

[96] *O'Hagan*, 521 U.S. at 656; *Smith*, 155 F.3d at 1068 n.28 ("material nonpublic information [must] be a 'significant factor' in the insider's decision to buy or sell"); *United States v. Causey*, No. H-04-025-SS, 2005 WL 3560632 at *5 n.7 (S.D. Tex. Dec. 29, 2005) (material, nonpublic information must be "factor in [] decision to make the charged trades"); Stuart Sinai, *A Challenge to the Validity of Rule 10b5-1*, 30 SEC. REG. L.J. 261 (2002); Memorandum in Support of Jeffrey Skilling's Motion to Dismiss Counts 42 Through 51 (Insider Trading Counts) filed July 1, 2005.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 49**
Counts 42 through 51 - Insider Trading Second Element: Knowledge, Intent, and Willfulness[97]

The second element the government must prove beyond a reasonable doubt on Counts 42 through 51 is that Mr. Skilling participated in the scheme to defraud knowingly, willfully, and with the specific intent to defraud.

'Knowingly' means to act voluntarily and deliberately, rather than mistakenly or inadvertently.[98]

'Willfully' means to act voluntarily and purposely, and not negligently, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.[99]

'Intent to defraud' means to act with the specific intent to deceive.[100]  Specific intent, as that term implies, means more than the general intent to commit the act.  To establish specific intent the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law.[101]

---

[97] Adapted from Fifth Circuit Instructions 1.37 & 1.38; Sand, Instruction 57-25; 15 U.S.C. §§ 78b, 78ff; 17 C.F.R. § 240-10b5; *Arthur Andersen LLP,* 125 S. Ct. at 2129.

[98] Adapted from Fifth Circuit Instructions 1.37; *Brown,* 186 F.3d at 665 ("knowingly").

[99] *Peltz,* 433 F.2d at 55 ("willfully" under securities laws); *Dixon,* 536 F.2d at 1397 (willfully requires intent to break the law); *Charnay,* 537 F.2d at 352 (willful act is "wrongful *under the securities laws*" and involves "a significant risk of effecting the violation" of those laws) (emphasis added).

[100] *Southland Sec's Corp.,* 365 F.3d at 366 (intent to defraud).

[101] *Brown,* 578 F.2d at 1284 (securities fraud requires showing of specific intent to defraud, mislead, or deceive."); *Gross,* 961 F.2d at 1102 (securities fraud requires specific intent ); *L'Hoste,* 609 F.2d at 804 (specific intent defined).

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 50**
Counts 42 - 51 - Insider Trading Third Element:  Instrumentality of Interstate Commerce[102]

The third element the government must prove beyond a reasonable doubt on Counts 42 through 51 is that Mr. Skilling knowingly used, or caused to be used, instruments of communication in interstate commerce and the mail in furtherance of the scheme to defraud or fraudulent conduct.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.[103]  "Commerce" includes travel, trade, transportation and communication.

It is not necessary that the government prove that the material transmitted by instruments of communication in interstate commerce or by mail was itself false or fraudulent, or that the use of interstate communications or the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the use of the instruments of communication in interstate commerce or the mail was of material importance to the consummation of the scheme[104] to defraud or fraudulent conduct because Mr. Skilling either used an interstate communication or the mail or caused someone else to do so in an attempt to execute or carry out the scheme.  To "cause" an instrument of communication in interstate commerce or the mail to be used is to do an act with knowledge that the use of such an instrument or of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.[105]

---

[102] Adapted from Sand, Instruction 57-26; Fifth Circuit Instructions 1.39, 1.41 and 2.61; *see, e.g., Gower v. Cohn*, 643 F.2d 1146, 1151-52 (5th Cir. 1981).

[103] Adapted from Fifth Circuit Instruction 1.39 & 1.41.

[104] *See, e.g., Gower*, 643 F.2d at 1151-52.

[105] Adapted from Fifth Circuit Instructions 2.61.

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 51**
Counts 42 - 51 - Insider Trading:  Unanimity[106]

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous.  The following instruction applies to the unanimity requirement as to Counts 42 through 51.

Although the government alleges Mr. Skilling committed "insider trading" as a general proposition, allegations of separate, specific offenses are contained in separate counts in the indictment.  Each count, and the evidence pertaining to it, must be considered separately.  In order to return a guilty verdict on a specific count, all twelve of you must unanimously agree that the government has proven beyond a reasonable doubt each element of the offense charged in each count.

So, in each of Counts 42 through 51 the government accuses Mr. Skilling of insider trading, claiming that Mr. Skilling used certain material, nonpublic information as the basis for his sale of Enron stock on various dates alleged in the indictment.  For each count, you must find Mr. Skilling not guilty unless all twelve of you agree that the same material, nonpublic information alleged to have been used has been proven beyond a reasonable doubt, and that each other element necessary to prove the charge of insider trading has been proven beyond a reasonable doubt.

It is not enough if some of you find that Mr. Skilling used one source of material, nonpublic information and others of you find that he used a different source.  You must all unanimously believe that the same material, nonpublic information was used in order to find that the government has proven this element beyond a reasonable doubt.[107]

---

[106] Adapted from Fifth Circuit Instruction 1.25; Sand, Instruction 54-52.

[107] Sand, Instruction 54-52.

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 52
### Count 50 - Insider Trading: Pre-Arranged Contract, Instruction, or Plan[108]

Count 50 in the indictment alleges that Mr. Skilling sold 10,000 shares of Enron stock per week for 31 weeks pursuant to a written sales plan, which commenced on November 15, 2000. For Count 50, it is a complete defense to the charge of insider trading if you find the following with respect to Mr. Skilling's sale of Enron stock:

First:  That before becoming aware of the material, nonpublic information, Mr. Skilling had entered into a binding contract to sell the Enron stock, or instructed another person to sell the Enron stock for Mr. Skilling's account, or adopted a written plan for trading the Enron stock.

Second:  That the contract, instruction, or plan (a) specified the amount of stock to be sold and the price at which and date on which the stock was to be sold, or (b) included a written formula or algorithm, or computer program, for determining the amount of Enron stock to be sold and the price at which and the date on which the stock was to be sold, or (c) did not permit Mr. Skilling to exercise any subsequent influence over how, when, or whether to effect sales, provided that the person who, under the contract, instruction, or plan did exercise such influence was not aware of the material, nonpublic information when doing so.

Third:  That the sale of Enron stock was pursuant to the contract, instruction, or plan.  A sale is not pursuant to a contract, instruction, or plan if Mr. Skilling altered or deviated from the contract, instruction, or plan by changing the amount, price, or timing of the sale, or entered into or altered a corresponding or hedging transaction or position with respect to the Enron stock.

Fourth:  That Mr. Skilling entered into the contract or plan or gave the instruction in good faith and not as part of a plan or scheme to evade the prohibitions against insider trading.

---

[108] *See, e.g.,* 17 C.F.R. § 240.10b5-1(c)(1) (effective October 23, 2000); *United States v. Causey,* No. H-04-025-SS, 2005 WL 3560632 at *5 n.7 (S.D. Tex. Dec. 29, 2005).

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 53**
All Counts - Good Faith Defense[109]

Good faith is a complete defense to the charges in the indictment, since good faith on the part of a defendant is inconsistent with specific intent to defraud — an indispensable element of the charges against him.[110]  With respect to the misrepresentations or omissions of material fact that Mr. Skilling is alleged to have made, his good faith belief in the truth of those statements is a complete defense, no matter how inaccurate or misleading the statements or omissions may or may not have turned out to be.  With each of the counts charging fraud, if Mr. Skilling believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, you cannot convict him of the specific charge being considered.[111]

Similarly, one who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with fraudulent intent even though his opinion is erroneous or his belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.[112]

The burden of proof is not on either defendant to prove his good faith, since a defendant has no burden to prove anything.  The government must establish beyond a reasonable doubt that the defendant you are considering acted with the specific intent to defraud as charged in the indictment.[113]

---

[109] Adapted from Sand, Instruction 8-1.  *See Williamson v. U.S.*, 207 U.S. 425, 453 (1908); *United States v. Jobe*, 101 F.3d 1046, 1059 (5th Cir. 1996) (approving trial court's "good faith" instruction); *see also Gross,* 961 F.2d at 1103 ("commend[ing]" to district courts the use of good faith instructions "as a supplement to the 'knowing and willful' charge" in securities fraud cases); *United States v. Aubin*, 87 F.3d 141, 148 (5th Cir. 1996) (district court properly instructed jury that good faith was a complete defense to an offense requiring intent to defraud).

[110] *United States v. Richards*, 204 F.3d 177, 204 (5th Cir. 2000) (finding no error in trial court's "good faith" jury instruction (Lake, D.J.)) *overruled on other grounds as recognized in U.S. v. Longoria*, 298 F.3d 367, 372 (5th Cir. 2002).

[111] *Peterson*, 101 F.3d at 383 n.8.

[112] *Richards*, 204 F.3d at 204-05 (finding no error in trial court's "good faith" jury instruction).

[113] *Id.* at 204.

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 54
### All Counts - Reliance on Advice of Counsel Defense[114]

You have heard evidence that Mr. Skilling and Mr. Lay received advice from attorneys — both employed at Enron and working at outside law firms hired by Enron. You may consider that evidence in determining whether Mr. Skilling or Mr. Lay acted willfully, with knowledge, and with the intent to defraud. As I told you previously, good faith is a complete defense to the charges in the indictment, since good faith on the part of a defendant is inconsistent with specific intent to defraud—an indispensable element of the charges against Mr. Skilling and Mr. Lay.

Reliance on the advice of attorneys — whether employed by Enron or working for outside law firms and hired by Enron — may constitute good faith. To decide whether such reliance was in good faith, you may consider whether Mr. Skilling, Mr. Lay, or Enron sought the advice of a competent attorney concerning the conduct at issue in this case, whether Mr. Skilling or Mr. Lay reasonably believed that the attorney had received all the relevant facts available at the time, whether Mr. Skilling or Mr. Lay received an opinion from the attorney or were told or could reasonably assume legal counsel had approved the transaction, whether Mr. Skilling or Mr. Lay believed the opinion was given in good faith, and whether Mr. Skilling or Mr. Lay reasonably followed the opinion given.[115]

A defendant is not required personally to provide information to a company's attorney. It is sufficient that a defendant reasonably believed that a reliable and competent officer or employee of the company provided to the attorney the relevant facts known about a given topic at that time.[116]

In short, you should consider whether, in seeking and obtaining advice from legal counsel or in setting up a process for attorney review of the transactions at issue in this case, Mr. Skilling or Mr. Lay intended to ensure that his or Enron's acts were lawful. If that was the case, then Mr. Skilling and Mr. Lay cannot be convicted of the crimes charged because the

---

[114] Adapted from Sand, Instruction 8-4; Eleventh Circuit Pattern Jury Instructions (Criminal Cases) Instruction P 18 (2003). *See also Williamson,* 207 U.S. at 453; *Jobe,* 101 F.3d at 1059 (approving trial court's "good faith" instruction); *see also Gross,* 961 F.2d at 1103 ("commend[ing]" to district courts the use of good faith instructions "as a supplement to the 'knowing and willful' charge" in securities fraud cases); *Aubin,* 87 F.3d at 148 (district court properly instructed jury that good faith was a complete defense to an offense requiring intent to defraud).

[115] *Peterson,* 101 F.3d at 381 n.5.

[116] *Cf.* OR. REV. STAT. § 60.357(2)(a) (1987) (officer entitled to rely on subordinates he "reasonably believes to be reliable and competent"); *Richards,* 204 F.3d at 204-5 (mistake in judgment, error in management, carelessness "does not establish fraudulent intent"). Enron is an Oregon corporation.

charges involve willful and unlawful intent, an intent that is negated by good faith reliance on the advice of attorneys, even if such advice turned out to be an inaccurate interpretation of the law.[117]

Whether Mr. Skilling and Mr. Lay acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether they reasonably believed that a full and complete report had been made to the lawyers, and whether they acted substantially in accordance with the advice received, or believed in good faith that Enron had done so, are questions for you to determine.[118]

---

[117] *United States v. West*, 22 F.3d 586, 599 n.36 (5th Cir. 1994).

[118] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) Instruction P 18 (2003).

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 55
### All Counts - Reliance on Advice of Accountants Defense[119]

You have heard evidence that Mr. Skilling and Mr. Lay received advice from accountants — both employed at Enron and working at outside acconting firms hired by Enron. You may consider that evidence in determining whether Mr. Skilling or Mr. Lay acted willfully, with knowledge, and with the intent to defraud. As I told you previously, good faith is a complete defense to the charges in the indictment, since good faith on the part of a defendant is inconsistent with specific intent to defraud — an indispensable element of the charges against Mr. Skilling and Mr. Lay.

Reliance on the advice of accountants — whether employed by Enron or working for outside accounting firms and hired by Enron — may constitute good faith. To decide whether such reliance was in good faith, you may consider whether Mr. Skilling, Mr. Lay, or Enron sought the advice of a competent accountant concerning the conduct at issue in this case, whether Mr. Skilling or Mr. Lay reasonably believed that the accountant had received all the relevant facts available at the time, whether Mr. Skilling or Mr. Lay received an opinion from the accountant or were told or could reasonably assume the accountant had approved the transaction, whether Mr. Skilling or Mr. Lay believed the opinion was given in good faith, and whether Mr. Skilling or Mr. Lay reasonably followed the opinion given.[120]

A defendant is not required personally to provide information to a company's accountant. It is sufficient that a defendant reasonably believed that a reliable and competent officer or employee of the company provided to the accountant the relevant facts known about a given topic at that time.[121]

In short, you should consider whether, in seeking and obtaining advice from accountants or in setting up a process for accountant review of the transactions at issue in this case, Mr. Skilling or Mr. Lay intended to ensure that his or Enron's acts were lawful. If that was the case, then Mr. Skilling and Mr. Lay cannot be convicted of the crimes charged because the charges involve willful and unlawful intent, an intent that is negated by good faith reliance on the

---

[119] Adapted from Sand, Instruction 8-4; Eleventh Circuit Pattern Jury Instructions (Criminal Cases) Instruction P 18 (2003). *See also Williamson*, 207 U.S. at 453; *Jobe*, 101 F.3d at 1059 (approving trial court's "good faith" instruction); *see also Gross*, 961 F.2d at 1103 ("commend[ing]" to district courts the use of good faith instructions "as a supplement to the 'knowing and willful' charge" in securities fraud cases); *Aubin*, 87 F.3d at 148 (district court properly instructed jury that good faith was a complete defense to an offense requiring intent to defraud).

[120] *Peterson*, 101 F.3d at 381 n.5.

[121] *Cf.* OR. REV. STAT. § 60.357(2)(a) (1987) (officer entitled to rely on subordinates he "reasonably believes to be reliable and competent"); *Richards*, 204 F.3d at 204-5 (mistake in judgment, error in management, carelessness "does not establish fraudulent intent"). Enron is an Oregon corporation.

advice of accountants, even if such advice turned out to be an inaccurate interpretation of the accounting rules.[122]

Whether Mr. Skilling and Mr. Lay acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether they reasonably believed that a full and complete report had been made to the accountants, and whether they acted substantially in accordance with the advice received, or believed in good faith that Enron had done so, are questions for you to determine.[123]

---

[122] *United States v. West*, 22 F.3d 586, 599 n.36 (5th Cir. 1994).

[123] Eleventh Circuit Pattern Jury Instructions (Criminal Cases) Instruction P 18 (2003).

## DEFENDANTS' PROPOSED JURY INSTRUCTION No. 56
### Duty to Deliberate - Verdict Form[124]

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges — judges of the facts. Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for in each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

---

[124] Fifth Circuit Instruction 1.24.

### DEFENDANTS' PROPOSED JURY INSTRUCTION No. 57
### Kenneth Lay's Proposals on Conspiracy and Securities Fraud

**A.     CONSPIRACY**

**Count One**

**(Conspiracy to Commit Wire and Securities Fraud)**

Count One of the Indictment charges defendants **JEFFREY K. SKILLING** and **KENNETH L. LAY**, with participating in a criminal conspiracy to commit fraud in connection with the purchase and sale of securities, known as "securities fraud" and to commit fraud through the use of interstate wire communications, known as "wire fraud." Count One of the Indictment charges as follows:

On or about between late 1999 and December 2001, both dates being approximate and inclusive, within the Southern District of Texas and elsewhere, the defendants and others, did knowingly and intentionally conspire (1) to commit securities fraud by willfully and unlawfully using and employing manipulative and deceptive devices and contrivances, directly and indirectly (i) to employ devices, schemes and artifices to defraud; (ii) to make untrue statements of material fact and omit to state facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) to engage in acts, practices, and courses of conduct which would and did operate as a fraud and deceit upon members of the investing public, in connection with the purchase and sale of Enron stock and by the use of the instruments of communication in interstate commerce and the mails, in violation of Title 15, United States Code, §§ 78j(b), 78ff and Rule 10b-5 of the SEC, Title 17, code of Federal Regulations, §§ 240.10b-5, and (2) to commit wire fraud by devising a scheme and artifice to defraud Enron, its shareholders and other members of the investing public and the SEC including depriving Enron and its shareholders of the intangible right of honest services, owed by defendants **JEFFREY K. SKILLING** and **KENNETH L. LAY** and other Enron executives to them, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted interstate wire communications, in violation of Title 18, United States Code, § 1343.

The indictment alleges that several acts were committed in furtherance of the conspiracy.

Title 18, United States Code, § 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:     That the defendant and at least one other person made an agreement to commit the crime of securities fraud or wire fraud, as charged in Count One of the Indictment;

*Second*:   That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*:    That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in Count One of the Indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Mere knowledge, approval, or acquiescence in the object or purpose of the conspiracy is insufficient to prove participating in it. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

You must determine whether the conspiracy to commit securities and wire fraud as charged in the indictment existed, and, if it did, whether the defendant was a member of it. If you find that the conspiracy to commit securities and wire fraud as charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy to commit securities and wire fraud as charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy unrelated to the overall conspiracy charged in the indictment.

While it is not necessary that a defendant have specifically agreed to achieve each of the two objectives alleged in the indictment, namely, securities fraud and wire fraud, it is necessary

72

that a defendant at least have known or reasonably foreseen that each of these objectives was part of the conspiracy. If you find that the defendant agreed to commit one objective of the conspiracy but either had no knowledge of or could not reasonably have foreseen that the other objective was part of this conspiracy, then that defendant was not a member of a multi-objective conspiracy, as charged, and you must acquit. If you find that the defendant agreed to accomplish one of the two conspiratorial objectives charged and knew or could reasonably foresee that the conspiracy also included the other objective, and all other essential elements of the charge as stated herein had been proven beyond a reasonable doubt, you must convict.

In order to meet its burden of proof on the charge of conspiracy to commit securities fraud, the government must prove each of the following three (3) essential elements beyond a reasonable doubt:

*First*: That in connection with the purchase or sale of Enron Stock the defendant did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud as charged in the Indictment; or

(2) made any untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading as charged in the Indictment; or

(3) engaged in an act, practice, or course of conduct that operated, or would operate, as a fraud and deceit on any person as charged in the Indictment;

*Second*: That the defendant acted willfully, knowingly and with the intent to defraud; and

*Third*: That the defendant used, or caused to be used, any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

"Manipulation" is a term of art in the securities industry and means to intend to defraud an investor by artificially affecting market activity. "Manipulation" includes the deliberate omission of a material fact with the knowledge that the omission makes the facts, as represented, false.

"Deception" is also a term of art in the securities industry and means to defraud by deliberately making an affirmative misstatement of a material fact.

A "device" is simply a contrivance or the result of some plan or design.

As used in this statute in connection with the purchase or sale of a security, then, a "manipulative or deceptive device" means the formation of some contrivance, plan, or design to

trick or deceive, either by a deliberate affirmative misstatement of a material fact or a deliberate omission of a material fact.

With respect to the first element that the government must prove beyond a reasonable doubt, it is not necessary for the government to establish all three types of unlawful conduct in connection with the sale or purchase of Enron stock. Any one will be sufficient if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven.

That is to say, you must be unanimous in your verdict as to the specific device, scheme, or artifice to defraud that was employed, if you so find; or you must be unanimous in your verdict as to the making of a specific untrue statement of a material fact, or the specific omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, if you so find; or you must be unanimous in your verdict as to the specific act, practice, or course of conduct that operated, or would operate, as a fraud and deceit on any person, if you so find.

A device, scheme or artifice to defraud is merely a plan for the accomplishment of any objective. Fraud is a general term that embraces all ingenious efforts and means that individuals devise to take advantage of others. A "device, scheme, or artifice to defraud" as used in these instructions, however, means the forming of some contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.

The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. The government must prove beyond a reasonable doubt, therefore, that there were purchases or sales of Enron stock and that the "fraud or deceit" had some relationship to or was connected with these sales or purchases. The government must not show, however, that the defendants, or anyone associated with them, bought or sold the securities in question.

It is no defense to an overall scheme to defraud that the defendant was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question. Nor is it necessary for you to find that the defendant was the actual seller or offeror of the securities. It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of stock.

By the same token, the government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the government establishes that the defendant willfully caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentation or omission, you must determine whether the statement was true or false when it was made, and, in the case of an alleged omission whether the omission was misleading.

A statement of opinion or prediction is not a false statement merely because it turns out to be wrong. The falsity of a predictive statement is determined by examining the nature of the prediction — with emphasis on whether the prediction suggested reliability, bespoke caution, was made in good faith, or had a sound factual or historical basis.

74

You are instructed that analysts and investors rely on facts and not generalized expressions of corporate optimism when evaluating whether to buy, sell or hold stock. Generalized, positive comments about a company made by an officer, statements that are too vague to be relied upon, and projections of future performance not worded as guarantees, are not "material," as that term is herein defined. If a statement was accompanied by appropriate cautionary language, you may determine that the statement, even if ultimately determined to be false or inaccurate, was not materially misleading. You are further instructed that statements made during an oral presentation cannot be considered in isolation but must be viewed in the context of the total presentation, including in the context of other information available to analysts and investors at the time.

In order to find a defendant guilty of securities fraud on the basis of an alleged omission of a material fact, you must find that the defendant had a duty to state the fact. A defendant does not have a duty to state a material fact simply because an investor, either reasonably or unreasonably, would have wanted to know that fact when making an investment decision. Under the circumstances present in this case, a duty to state a material fact only arises if a defendant's material statements are rendered misleading by the allegedly omitted material information. If you find that the defendant's material statements were not misleading in light of the omitted information, you may not find that the defendant committed securities fraud because of what he did not say.

If you should decide beyond a reasonable doubt that a particular statement or a particular omission was false or misleading at the time that it was made, then you must determine if the fact stated or omitted was a "material" fact or a "material" omission under the evidence received in this case.

A fact or omission is "material" in the context of the securities markets if there is a substantial likelihood that a reasonable investor would consider that fact or the omission to be significant or important in making the decision to buy or sell a security. In other words, there must be a substantial likelihood that the fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available.

The securities fraud statute under which Counts Two, and Fourteen through Thirty-Seven of the Indictment are brought is concerned only with such "material" misstatements or such "material" omissions and does not cover minor, or meaningless, or unimportant ones.

It does not matter whether the alleged unlawful conduct was successful or not, or that the defendant profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged. However, if you find that the defendant did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

The second element that the government must establish beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law. "Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud, because such an honest or "good faith" belief is inconsistent with a fraudulent intent. Misrepresentations of material fact do not violate the law under which the defendant is charged unless they are made with the intent to defraud. With respect to finding the defendant guilty based on a misrepresentation or omission of material fact, the defendant's good faith belief in the truth of statements made by him is a defense however inaccurate or misleading the statements or omissions turn out to be. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme and lacked the intent to deceive, you should acquit the defendant. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with intent to defraud, and if the government also establishes the third element, on which I will next instruct you, then you have a sufficient basis upon which to convict the defendant.

The third and final element that the government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

The term "interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

This element of the crime charged may be established if the government proves beyond a reasonable doubt that any means or instrumentality of interstate transportation or communication, including the mails, or the facilities of a national securities exchange were, in fact, used in the scheme or that such use was reasonably foreseeable.

In this regard, however, it is not necessary for the government to prove that the defendant personally used any means or instrumentality of interstate commerce or the mails, or used a national exchange, or that such use was contemplated or intended by anyone involved in any scheme. It is sufficient for the government to prove that the defendant set forces in motion which foreseeably resulted in such use.

The matter, material, or information mailed, transported, or communicated need not itself contain a fraudulent representation or request money, but must be a part of the overall scheme.

In order to meet its burden of proof on the charge of conspiracy to commit wife fraud, the government must prove each of the following four (4) essential elements beyond a reasonable doubt.

| | |
|---|---|
| *First*: | That the defendant knowingly created a scheme to defraud as charged in the Indictment; |
| *Second*: | That the defendant acted with a specific intent to defraud; |
| *Third*: | That the defendant used or caused another person to use interstate wire communications facilities for the purpose of carrying out the scheme; and |
| *Fourth*: | That the scheme to defraud employed false material representations. |

A "scheme to defraud" includes any scheme to deprive another of money, property, or the intangible right to honest services by means of false or fraudulent pretenses, representations, or promises.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law. "Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if:

(a) A reasonable man would attach importance to its existence or non-existence in determining his choice of action in the transaction in question; or

(b) The maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it.

The term "interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.  Commerce includes travel, trade, transportation, and communication.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the material transmitted by wire was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the interstate wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme.  To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud constitutes a separate offense.

**B.**     **SECURITIES FRAUD**

**(Counts Twenty-Seven Through Twenty-Nine)**

<u>**Count Twenty-Seven**</u>
**(Securities Fraud: October 12, 2001 telephone call with Rating Agency Representatives in New York)**

Count Twenty-Seven of the Indictment alleges that defendant **KENNETH L. LAY** committed securities fraud relating to the October 12, 2001 telephone call with Rating Agency Representatives in New York.  Count Twenty-Seven of the Indictment charges as follows:

On or about October 12, 2001, within the Southern District of Texas and elsewhere, the defendant **KENNETH L. LAY** in presentations to securities analysts and rating agencies, did willfully and unlawfully use and employ manipulative and deceptive devices and contrivances and directly and indirectly (i) employee devices, schemes and artifices to defraud; (ii) make untrue statements of material facts and omit to state facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (iii) engage in acts, practices, and courses of conduct which would and did operate as a fraud and deceit upon members of the investing public, in connection with purchases and sales of Enron stock and by the use of instruments of communication in interstate commerce and the mails.  In violation of Title 15, United States Code, §§ 78j(b) and Title 17, Code of Federal Regulations, § 240.10b-5.

<u>**Count Twenty-Eight**</u>
**(Securities Fraud: October 16, 2001 Third Quarter 2001 Analyst Call)**

Count Twenty-Eight of the Indictment alleges that defendant **KENNETH L. LAY** committed securities fraud relating to the October 16, 2001 Third Quarter 2001 Analyst Call.  Count Twenty-Eight of the Indictment charges as follows:

On or about October 16, 2001, within the Southern District of Texas and elsewhere, the defendant **KENNETH L. LAY**, in a third quarter 2001 analyst conference call, did willfully and unlawfully use and employ manipulative and deceptive devices and contrivances and directly and indirectly (i) employee devices, schemes and artifices to defraud; (ii) make untrue statements of material facts and omit to state facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (iii) engage in acts, practices, and courses of conduct which would and did operate as a fraud and deceit upon members of the investing public, in connection with purchases and sales of Enron stock and by the use of instruments of communication in interstate commerce and the mails.  In violation of Title 15, United States Code, §§ 78j(b) and Title 17, Code of Federal Regulations, § 240.10b-5.

<u>**Count Twenty-Nine**</u>
**(Securities Fraud:  October 23, 2001 Analyst Conference Call)**

Count 29 of the Indictment alleges that defendant, **KENNETH L. LAY** committed securities fraud relating to the October 23, 2001 Analyst Call.  Count Twenty-Nine of the Indictment charges as follows:

On or about October 23, 2001, within the Southern District of Texas and elsewhere, the defendant **KENNETH L. LAY**, in an analyst conference call, did willfully and unlawfully use and employ manipulative and deceptive devices and contrivances and directly and indirectly (i) employee devices, schemes and artifices to defraud; (ii) make untrue statements of material facts and omit to state facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (iii) engage in acts, practices, and courses of conduct which would and did operate as a fraud and deceit upon members of the investing public, in connection with purchases and sales of Enron stock and by the use of instruments of communication in interstate commerce and the mails.  In violation of Title 15, United States Code, §§ 78j(b) and Title 17, Code of Federal Regulations, § 240.10b-5.

In order to sustain its burden of proof for the crime of securities fraud as charged against **KENNETH L. LAY**, in Counts Twenty-Seven through Thirty of the Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

*First*: That in connection with the purchase or sale of Enron Stock the defendant did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud as charged in the Indictment; or

(2) made any untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading as charged in the Indictment; or

(3) engaged in an act, practice, or course of conduct that operated, or would operate, as a fraud and deceit on any person as charged in the Indictment;

*Second*: That the defendant acted willfully, knowingly and with the specific intent to defraud; and

*Third*: That the defendant used, or caused to be used, an means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

"Manipulation" is a term of art in the securities industry and means to intend to defraud an investor by artificially affecting market activity.  "Manipulation" includes the deliberate omission of a material fact with the knowledge that the omission makes the facts, as represented, false.

"Deception" is also a term of art in the securities industry and means to defraud by deliberately making an affirmative misstatement of a material fact.

A "device" is simply a contrivance or the result of some plan or design.

As used in this statute in connection with the purchase or sale of a security, then, a "manipulative or deceptive device" means the formation of some contrivance, plan, or design to trick or deceive, either by a deliberate affirmative misstatement of a material fact or a deliberate omission of a material fact.

With respect to the first element that the government must prove beyond a reasonable doubt, it is not necessary for the government to establish all three types of unlawful conduct in connection with the sale or purchase of Enron stock.  Any one will be sufficient if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven.

A device, scheme or artifice to defraud is merely a plan for the accomplishment of any objective.  Fraud is a general term that embraces all ingenious efforts and means that inidividuals devise to take advantage of others.  A "device, scheme, or artifice to defraud" as used in these instructions, however, means the forming of some contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.

The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.  The government must prove beyond reasonable doubt, therefore, that there were purchases or sales of Enron stock and that the "fraud or deceit" had some relationship to or was connected with these sales or purchases.  The government need not show, however, that the defendants, or anyone associated with them, bought or sole the securities in question.

It is no defense to an overall scheme to defraud that the defendant was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question.  Nor is it necessary for you to find that the defendant was the actual seller or offeror of the securities.  It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of stock.

By the same token, the government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact.  It is sufficient if the government establishes that the defendant willfully caused the statement to be made or that act to be omitted.  With regard to the alleged misrepresentation or omission, you must determine whether the statement was true or false when it was made, and, in the case of an alleged omission whether the omission was misleading.

A statement of opinion or prediction is not a false statement merely because it turns out to be wrong.  Criminal liability for such a statement depends upon whether the statement was true or false when made.  The falsity of a predictive statement is determined by examining the nature of the prediction — with emphasis on whether the prediction suggested reliability, bespoke caution, was made in good faith, or had a sound factual or historical basis.

81

You are instructed that analysts and investors rely on facts and not generalized expressions of corporate optimism when evaluating whether to buy, sell or hold stock. Generalized, positive comments about a company made by an officer, statements that are too vague to be relied upon, and projections of future performance not worded as guarantees, are not "material," as that term is herein defined. If a statement was accompanied by appropriate cautionary language, you may determine that the statement, even if ultimately determined to be false or inaccurate, was not materially misleading. You are further instructed that statements made during an oral presentation cannot be considered in isolation but must be viewed in the context of the total presentation, including in the context of other information available to analysts and investors at the time.

In order to find a defendant guilty of securities fraud on the basis of an alleged omission of a material fact, you must find that the defendant had a duty to state the fact. A defendant does not have a duty to state a material fact simply because an investor, either reasonably or unreasonably, would have wanted to know that fact when making an investment decision. Under the circumstances present in this case, a duty to state a material fact only arises if a defendant's material statements are rendered misleading by the allegedly omitted material information. If you find that the defendant's material statements were not misleading in light of the omitted information, you may not find that the defendant committed securities fraud because of what he did not say.

If you should decide beyond a reasonable doubt that a particular statement or a particular omission was false or misleading at the time that it was made, then you must determine if the fact stated or omitted was a "material" fact or a "material" omission under the evidence received in this case.

A fact or omission is "material" in the context of the securities markets if there is a substantial likelihood that a reasonable investor would consider that fact or the omission to be significant or important in making the decision to buy or sell a security. In other words, there must be a substantial likelihood that the fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available.

The securities fraud statute is concerned only with such "material" misstatements or such "material" omissions and does not cover minor, or meaningless, or unimportant ones.

It does not matter whether the alleged unlawful conduct was successful or not, or that the defendant profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged. However, if you find that the defendant did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

The second element that the government must establish beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with intent to do something the

law forbids, that is to say, with bad purpose either to disobey or to disregard the law.   "Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

The questions of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.  Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud, because such an honest or "good faith" belief is inconsistent with a fraudulent intent.  Misrepresentations of material fact do not violate the law under which the defendant is charged unless they are made with the intent to defraud.  With respect to finding the defendant guilty based on a misrepresentation or omission of material fact, the defendant's good faith belief in the truth of statements made by him is a defense however inaccurate or misleading the statements or omissions turn out to be.  An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant, however, has no burden to establish a defense of good faith.  The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

The government may prove that the defendant acted knowingly and willfully if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware he was making or causing a false statement to be made.

If you find beyond a reasonable doubt that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statement to be true.  This guilty knowledge, however, cannot be established by demonstrating merely negligence or recklessness on the part of the defendant.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme and lacked the intent to deceive, you must acquit the defendant.  On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with intent to defraud, and if the government also establishes the third element, on which I will next instruct you, then you have a sufficient basis upon which to convict the defendant.

The third and final element that the government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

The term "interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.  Commerce includes travel, trade, transportation and communication.

This element of the crime charged may be established if the government proves beyond a reasonable doubt that any means or instrumentality of interstate transportation or communication, including the mails, of the facilities of a national securities exchange were, in fact used in the scheme or that such use was reasonably foreseeable.

In this regard, however, it is not necessary for the government to prove that the defendant personally used any means or instrumentality of interstate commerce or the mails, or used a national exchange, or that such use was contemplated or intended by anyone involved in any scheme.  It is sufficient for the government to prove that the defendant set forces in motion which foreseeably resulted in such use.

The matter, material, or information mailed, transported, or communicated need not itself contain a fraudulent representation or request money, but must be a part of the overall scheme.

Dated: March 31, 2006

Respectfully submitted,

By:_____

Of Counsel:

Ronald G. Woods
Texas State Bar No. 21964000
Federal Bar No. 657
5300 Memorial, Suite 1000
Houston, TX 77007
Office: 713-862-9600
Facsimile: 713-864-8738

Daniel M. Petrocelli
M. Randall Oppenheimer
Mark Holscher
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Office:  (310) 553-6700
Facsimile:  (310) 246-6779
*Attorneys in Charge for Jeffrey K. Skilling*

By: Michael Ramsey / By M

Michael Ramsey
Chip Lewis
River Oaks/Welch Building
2120 Welch
Houston, TX 77019
Office: (713) 227-0275
Facsimile:  (713) 523-7887
*Attorneys in Charge for Kenneth L. Lay*

## <u>CERTIFICATE OF SERVICE</u>

      This is to verify that true and correct copies of the following document (Defendants' Proposed Jury Instructions) has been served on this 31st day of March, 2006 on counsel listed below.

 

_____
           Matthew T. Kline

Sean Berkowitz
John Hueston
Kathy Ruemmler
Enron Task Force
DOJ Criminal Division
1400 New York Avenue, NW
10th Floor
Washington, D.C.  20530
Facsimile:  (202) 353-3165
*Enron Task Force*

Michael Ramsey
Chip Lewis
River Oaks/Welch Building
2120 Welch
Houston, Texas 77019
Facsimile:  (713) 523-7887
*Counsel for Kenneth L. Lay*