UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
MAY 5 - 2006
MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>　　　　　　　　　　　　　　)<br>　　　　　　　　Plaintiff,　　)<br>　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>JEFFREY K. SKILLING and KENNETH L. )<br>LAY,　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　　　　　Defendants. )<br>　　　　　　　　　　　　　　) | Crim. No. H-04-25 (Lake, J.) |

### JEFFREY SKILLING'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Based on evidence adduced and corroborated at trial since the deadline for submitting proposed jury instructions, defendant Jeffrey Skilling submits the following two proposed jury instructions.[1]

Dated: May 5, 2006

Respectfully submitted,

By: _____

Of Counsel:

Ronald G. Woods
Texas State Bar No. 21964000
Federal Bar No. 657
5300 Memorial, Suite 1000
Houston, TX 77007
Office: 713-862-9600
Facsimile: 713-864-8738

Daniel M. Petrocelli
M. Randall Oppenheimer
Mark Holscher
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Office: (310) 553-6700
Facsimile: (310) 246-6779

*Attorneys in Charge for Jeffrey K. Skilling*

---

[1] These proposed instructions are not intended to waive any matter raised in any pretrial motion or any other objection or matter raised by defendants before, during, or after trial.

## PROPOSED INSTRUCTION A
### Bankruptcy Not Evidence of Guilt

Bankruptcies are an unfortunate, but common occurrence in American business. The fact that a company filed for bankruptcy protection or had its debts absolved by a bankruptcy court does not mean the company, its employees, or its executives engaged in any crime or fraud.[2] Indeed, the federal government has enacted a series of laws that allow companies and individuals to declare bankruptcy.[3] The fact that Enron declared bankruptcy does not mean that defendant Skilling or Lay committed any of the crimes charged.

---

[2] *See United States v. Pepper*, 51 F.3d 469, 473 (5th Cir. 1995) ("Generally a bankruptcy proceeding and a criminal prosecution are fundamentally different proceedings, both in purpose and procedure, and the causes of action resolved by each are totally different.") (citing *United States v. Tatum*, 943 F.2d 370, 381 (4th Cir. 1991)); *In re Michael*, 285 B.R. 553, 558 (S.D. Ga. 2002) ("Bankruptcy is a civil-not criminal-proceeding."); *Barks v. Kleyne*, 15 F.2d 153, 155 (8th Cir. 1926) ("[A] court of bankruptcy is not a criminal court."); *see also Goyal v. United States*, 103 F. Supp. 2d 802, (D. N.J. 2000) (Double jeopardy not implicated by bankruptcy discharge because bankruptcy proceeding is "not criminal."); *In re Hipp, Inc.*, 895 F.2d 1503, 1514-18 (5th Cir. 1990) (bankruptcy courts not granted criminal jurisdiction).

[3] *See* 11 U.S.C. §§ 101 *et seq.*

## PROPOSED INSTRUCTION B
### Compliance with GAAP

Defendants Skilling and Lay, through documents, testimony, and expert witnesses, have presented evidence that the transactions and accounting disclosures the government challenges, complied with Generally Accepted Accounting Principles, or GAAP.[4] Compliance with GAAP is "highly persuasive, but not necessarily conclusive" evidence that Enron's financial disclosures and defendants' public statements were "not materially false or misleading" and that defendants Skilling and Lay "acted in good faith."[5]

---

[4] *See, e.g.*, Trial Tr. at 6553:2-12 and 6951:22-6952:3 (testimony of Andrew Fastow on LJM transactions); Trial Tr. at 16755:7-24 and 16765:3-8 (testimony of Walter Rush on reserves in second quarter 2000); Trial Tr. at 16766:18-16767:3 (testimony of Walter Rush on reserves in fourth quarter 2001); Trial Tr. at 16789:16-22 and 16805:7-13 (testimony of Walter Rush on the reorganization of the retail risk management function); Trial Tr. at 16697:23-16698:8 (testimony of John Arnold on international assets); Def. Ex. 8550; Def. Ex. 4126 at AASDTEX000405797; *see also United States v. Erwin*, 793 F.2d 656, 662 (5th Cir. 1986) ("It is [] well established that a defendant is entitled to a separate instruction charging the jury on his theory of defense where he specifically and timely requests such an instruction and his theory has a 'legal and evidentiary foundation.'") (citations omitted); *United States v. Lewis*, 592 F.2d 1282, 1286 (5th Cir. 1979) ("We have repeatedly held that 'a defendant is entitled to a charge which precisely and specifically, rather than merely generally or abstractly, points to the theory of his defense.'") (quoting *United States v. Wolfson*, 573 F.2d 216, 221 (5th Cir. 1978); *United States v. Gilbreath*, 452 F.2d 992, 994 (5th Cir. 1971)).

[5] *United States v. Simon*, 425 F.2d 796, 805-06 (2d Cir. 1969) (proof of compliance with GAAS was deemed "evidence which may be very persuasive but not necessarily conclusive" of the fact that the defendant acted in good faith); *see also United States v. Weiner*, 578 F.2d 757, 786 (9th Cir. 1978) ("Sufficient evidence was introduced to raise the issue of conformity with GAAS and GAAP. . . . The [trial court's] instruction, which stated that evidence regarding compliance with GAAS and GAAP was not conclusive but was relevant, was a proper statement. The weight to be given the evidence was for the jury's determination.").

## CERTIFICATE OF SERVICE

      This is to verify that true and correct copies of the following documents (Jeffrey Skilling's Supplemental Proposed Jury Instructions) have been served on this 5th of May, 2006 on counsel listed below.

                                                    Matthew T. Kline

Sean Berkowitz  
John Hueston  
Kathy Ruemmler  
Cliff Stricklin  
Enron Task Force  
DOJ Criminal Division  
1400 New York Avenue, NW, 10th Floor  
Washington, D.C. 20530  
Facsimile: (202) 353-3165  
*Enron Task Force*

Michael Ramsey  
Chip Lewis  
River Oaks/Welch Building  
2120 Welch  
Houston, Texas 77019  
Facsimile: (713) 523-7887  
*Counsel for Kenneth L. Lay*

CC1:741018.2