IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
OCT 2 3 2006
Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) ) |
| JEFFREY K. SKILLING, | ) Cr. No. H-04-25 ) |
| Defendant. | ) ) ) |

## ORDER OF FORFEITURE

WHEREAS, in the Forfeiture Allegation of the Superseding Indictment in the above-styled case, the United States sought forfeiture of certain property of defendant JEFFREY K. SKILLING, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which constitutes or is derived from proceeds traceable to the violations charged in the Indictment.

AND WHEREAS, on May 25, 2006, a jury returned guilty verdicts against defendant JEFFREY K. SKILLING as to Counts 1, 2, 14, 16-20, 22-26, 31-32, 34-36, and 51 of the Superseding Indictment;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. As the result of the guilty verdicts on the above-referenced Counts of the Superseding Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, defendant shall forfeit, pursuant to the agreement described below, to the United States all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation.

2. Having considered the Stipulated Forfeiture And Restitution Settlement Agreement signed by Jeffrey K. Skilling, the United States of America, Rebecca Carter, and O'Melveny & Myers LLP on October 23, 2006 (hereinafter "the Settlement Agreement"), the Court hereby approves the Agreement in the form attached hereto as Exhibit A. *as modified in court today as to paragraph 8 of the agreement.*

3. The Court has determined, based on the extensive briefing related to the Government's Motion for a Preliminary Order of Forfeiture, the Defendant's objections thereto, and evidence already in the record, as well as the parties' Agreement, that the following property (the "Subject Property") is subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 28 U.S.C. § 2461, that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offenses. The defendant's right, title, and interest in the following properties is forfeited to the United States as direct proceeds of the offenses for which he was convicted:

   a. Real property known as 1999 McKinney Ave., # 1008, Dallas, Texas ("Dallas Property");

   b. Fifty percent of the value of real property known as 10 North Briarwood Court, Houston, Texas ("Houston Property");

   c. All funds located in Charles Schwab account number 8110-6773 in excess of $15.5 million;

   d. All funds located in MML Acct. #251518; and

   e. All funds located within Southwest Acct. #3229351.

4. In addition, pursuant to the terms of the Settlement Agreement, the $5,000,000 posted as SKILLING's bond in this matter shall be deemed forfeited to the United States and shall be forfeited if and when SKILLING is taken into custody to serve any sentence imposed.

5. The funds forfeited by this Order will be made available to provide restitution to victims

as detailed in the Settlement Agreement. Any additional funds subject to the Court's Post-Indictment Restraining order dated February 19, 2004, as amended on June 10, 2004, shall be released from restraint and shall no longer be subject to forfeiture.

6. The Dallas Property and the Houston Property will be sold forthwith pursuant to the terms of the Settlement Agreement.

7. The net proceeds from any sale of the Real Properties, apart from fifty percent of the proceeds of the sale of the Houston Property, shall be deposited into the United States Marshals Service Seized Asset Deposit Fund and held pursuant to the terms of the attached Stipulated Agreement subject to further order of the Court and pending a Final Order of Forfeiture. The remaining fifty percent of the proceeds of the sale of the Houston Property will be distributed ratably to SKILLING's three children, according to the terms of the Settlement Agreement.

7. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

8. The United States, pursuant to 21 U.S.C. § 853(n)(1), shall publish notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

9. Any person, other than the above named defendants, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt

of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(n).

10. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendants at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

11. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

12. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

13. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 28 U.S.C. § 2461(c) for the filing of third party petitions.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary,

pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court shall forward four certified copies of this order to Patrick T. Murphy, Trial Attorney, Asset Forfeiture and Money Laundering Section, U.S. Department of Justice.

SO ORDERED:

Dated:

_____
HONORABLE SIM LAKE
UNITED STATES DISTRICT JUDGE