```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION


UNITED STATES OF AMERICA         §
                                 §
v.                               §    CRIMINAL NUMBER H-04-025
                                 §
JEFFREY K. SKILLING              §
```

### MEMORANDUM OPINION AND ORDER

Defendant, Jeffrey K. Skilling, has filed a Motion to Request Interviews with Members of the Jury (**Docket Entry No. 1053**), to which the United States has filed an Opposition (**Docket Entry No. 1054**), and Skilling has filed a Reply (**Docket Entry No. 1057**).

When discharging the jury the court instructed the jury members that they were not to speak with attorneys or representatives of any party without prior permission from the court.  For the reasons explained in Haeberle v. Texas International Airlines, 739 F.2d 1019, 1021 (5th Cir. 1984), courts frequently prohibit attorneys from conducting post-verdict interviews with jurors.

> Federal courts have generally disfavored post-verdict interviewing of jurors.  We have repeatedly refused to "denigrate jury trials by afterwards ransacking the jurors in search of some new ground, not previously supported by evidence for a new trial."  United States v. Riley, 544 F.2d 237, 242 (5th Cir. 1976), cert. denied, 430 U.S. 932, 97 S. Ct. 1554, 51 L. Ed.2d 777 (1977).  Prohibiting post-verdict interviews protects the jury from an effort to find grounds for post-verdict charges of misconduct, reduces the "chances and temptations" for tampering with the jury, increases the certainty of civil trials, and

>    spares the district courts time-consuming and futile
>    proceedings.

Local Criminal Rule 24.1 states:

>    **Juror Contact.**  Except with leave of Court, no
>    attorney, party, nor agent of either of them may
>    communicate with a former juror to obtain evidence of
>    misconduct in the jury's deliberations.

Although Skilling argues that the purpose of his motion to interview the jurors is not to obtain evidence of misconduct, the court is not persuaded by this argument for a number of reasons. First, Skilling's Reply anticipates that questions about alleged misconduct may arise during juror interviews since the Reply suggests a procedure to follow in that situation. Likewise, Skilling's recently filed Motion for Bail Pending Appeal (**Docket Entry No. 1120**) states that he will argue jury misconduct and jury bias on appeal. Notwithstanding Skilling's statements to the contrary, the court is persuaded that the main purpose of seeking to interview jurors is to attempt to obtain alleged evidence of jury misconduct. Given the rhetorical skills of Skilling's attorneys and the lack of familiarity of jurors with questioning techniques, the court can easily anticipate scenarios in which, through the use of benign, oblique questions by his attorneys, Skilling may obtain comments from the members of the jury which, when argued out of context, may be used as alleged evidence of bias or misconduct.

Because the court concludes that any legitimate interest that Skilling may have in interviewing jurors is outweighed by the

jurors' interest in privacy and by the "public's interest in well-administered justice", <u>Haeberle</u>, 739 F.2d at 1022, and that the primary purpose of the Motion to Request Interviews with Members of the Jury is to attempt to obtain evidence of jury misconduct, the motion is **DENIED**.

**SIGNED** at Houston, Texas, on this 23rd day of October, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE