IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

Houston Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 4:04-cr-25-2 (Lake, J.) |
| | ) |
| JEFFREY K. SKILLING, | ) |
| | ) |
| Defendant. | ) |

**SENTENCING AGREEMENT**

The Fraud Section of the United States Department of Justice, Criminal Division (the "Government"), Jeffrey K. Skilling (the "defendant"), and the defendant's counsel hereby enter into a sentencing agreement (the "Agreement"), in the above-captioned criminal matter. The terms of the Agreement are set forth below.

**Background**

1. The defendant was charged in a Second Superseding Indictment on July 7, 2004, with conspiracy, securities fraud, wire fraud, making false statements to auditors, and insider trading. The defendant pleaded not guilty to the Second Superseding Indictment.

2. On May 25, 2006, a jury found the defendant guilty of conspiracy, securities fraud, making false statements to auditors, and one count of insider trading. On October 23, 2006, this Court determined pursuant to the United States Sentencing Guidelines that the defendant had an adjusted offense level of 40 and a criminal history category of I, and sentenced the defendant to serve a term of 292 months in prison and to pay $45 million in restitution.

3. On January 6, 2009, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's criminal convictions, but vacated the defendant's sentence and remanded the case for

resentencing, after concluding that the district court erred in applying a four-level enhancement to the defendant's adjusted offense level at sentencing for substantially jeopardizing the safety and soundness of a "financial institution." *See United States v. Skilling*, 554 F.3d 529 (5th Cir. 2009).

4. On October 13, 2009, the Supreme Court of the United States granted a petition for a writ of *certiorari*. On June 24, 2010, the Supreme Court vacated the Fifth Circuit's ruling in part and remanded the case for further proceedings. *See Skilling v. United States*, 130 S. Ct. 2896 (2010).

5. On April 6, 2011, the Fifth Circuit again affirmed the defendant's criminal convictions, vacated the defendant's sentence, and remanded the case for resentencing, consistent with the Fifth Circuit's prior holding. *See United States v. Skilling*, 638 F.3d 480 (5th Cir. 2011). On April 16, 2012, the Supreme Court denied the defendant's petition for a writ of *certiorari*.

6. The defendant has been in the custody of the U.S. Bureau of Prisons since December 13, 2006. A date for resentencing has not been set.

**Terms and Conditions**

7. The Government and the defendant agree that, based on the previous decisions of the Fifth Circuit with respect to proper calculation of the United States Sentencing Guidelines range and this Court's prior sentencing rulings on October 23, 2006, the United States Sentencing Guidelines provide that the defendant should be resentenced using an adjusted offense level of 36 and a criminal history category of I, resulting in an advisory guidelines range of 188 to 235 months of imprisonment.

8. For the reasons set forth below as "Relevant Considerations," the Government and the defendant agree to recommend jointly that the District Court apply a one-level downward variance and resentence the defendant using an adjusted offense level of 35, pursuant to the United States

Sentencing Guidelines. Given that the defendant is located in criminal history category I for resentencing purposes, the jointly recommended adjusted offense level will result in a jointly recommended guidelines range of 168 to 210 months of imprisonment.

9. Neither the Government nor the defendant will seek any variance or departure from the jointly recommended guidelines range. The Government may allocute at sentencing, but the Government will not take a position regarding the particular sentence the District Court should impose within the jointly recommended guidelines range.

10. The defendant agrees to waive all potential challenges to his convictions and sentence, including a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, appeals, and collateral attacks, except as set forth in paragraph 11. For purposes of this provision, the defendant's sentence shall include any applicable orders of restitution and forfeiture.

11. Neither the Government nor the defendant will appeal a sentence imposed within the jointly recommended guidelines range. However, the Government and the defendant each reserve the right to appeal a sentence imposed outside this range.

12. Neither the Government nor the defendant will object to the incorporation in the defendant's criminal judgment at resentencing of the criminal monetary penalties established by the District Court in its Order of Forfeiture of October 23, 2006, and criminal judgment of October 25, 2006. Neither the Government nor the defendant will otherwise object to the continuing validity of the Stipulated Forfeiture and Restitution Settlement Agreement approved on October 23, 2006.

13. The Government agrees that it will not oppose the defendant's request at resentencing or otherwise that he receive credit for approximately six weeks of home confinement he served prior to reporting to the custody of the U.S. Bureau of Prisons.

14. The Government acknowledges that, pursuant to applicable laws and regulations, it must defer to the U.S. Bureau of Prisons with regard to any future requests by the defendant to the U.S. Bureau of Prisons that:

a) the defendant be entitled to participate in the Residential Drug Abuse Program ("RDAP"); and

b) the defendant not be classified as a "broad publicity" inmate pursuant to 28 C.F.R. § 524.72.

**Relevant Considerations**

15. The Government has taken into account a number of relevant considerations in entering into this Agreement with the defendant regarding the appropriate sentence to be imposed, including, but not limited to, the following:

a) A recovery in excess of $40 million through forfeiture of the defendant's assets has been available for years for distribution to the victims of the Enron crimes through restitution, but, due to the ongoing litigation, the Government has not been permitted by law to distribute the funds to the victims. Congress has expressly declared that the need to provide restitution to victims of the offense is a relevant consideration in determining the sentence to be imposed.

b) By the terms of this Agreement, the defendant agrees to forfeit his right to challenge the Order of Forfeiture entered by the District Court on October 23, 2006, which includes by reference a stipulation related to restitution of the Enron victims.

c) The investigation and prosecution of the defendant has been ongoing for more than ten years. The Government has invested extraordinary resources into this case during a lengthy investigation, pre-trial litigation, trial, and extensive post-trial litigation before the District Court, the Fifth Circuit Court of Appeals, and the Supreme Court.

d) In the absence of this Agreement, the parties anticipate substantial ongoing litigation.

e) By the terms of this Agreement, the defendant's convictions will become final, without appeal or collateral litigation, shortly after his resentencing hearing, thereby promoting the public's, victims', and the Government's interest in finality. This Agreement, and the litigation rights waived by the defendant, will thereby significantly expedite the distribution of restitution to victims of the Enron crimes.

**Other Provisions**

16. The defendant acknowledges that he is entering into this Agreement without reliance upon any discussions between the Government and himself, other than as expressly described in this Agreement. The defendant acknowledges that he is not entering into this Agreement as a result of threats, force, intimidation, or coercion of any kind. The defendant also acknowledges his complete satisfaction with the representation and advice he has received from his undersigned counsel. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in this case.

17. This Agreement does not become effective unless and until it is signed by the Government and the defendant.

18. The defendant acknowledges that no other promises, agreements, or conditions respecting his resentencing have been entered into other than those set forth in this Agreement, and none will be entered into unless set forth in writing, signed by both parties.

Respectfully submitted,

Jeffrey Knox
Chief
Criminal Division, Fraud Section
United States Department of Justice
Attorney for the United States

By: _____
Patrick F. Stokes
Deputy Chief
Albert B. Stieglitz Jr.
Assistant Chief
Robert J. Heberle
Trial Attorney
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20530
Telephone: (202) 514-2000
Fax: (202) 514-0152
patrick.stokes2@usdoj.gov
albert.stieglitz@usdoj.gov
robert.heberle@usdoj.gov

05/06/2013 10:05   01                         FCI WEST                              PAGE 09/09
808-891-1501                                          04:52:20 p.m.   05-05-2013    9/9

The defendant certifies that he has read this Agreement, that he has had ample time to discuss this Agreement with counsel, and that he fully understands and voluntarily accepts its terms.

_____          5/6/13
JEFFREY K. SKILLING                      DATE
The Defendant

I have thoroughly read, reviewed, and explained this Agreement to my client, who advises me that he fully understands and accepts its terms. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____          5/6/13
DANIEL M. PETROCELLI                     DATE
Attorney for the Defendant

7